## WOOD V. CONRAD.

1. The common law action of ejectment does not exist under our Code, but a person claiming an estate or interest in real property which is held adversely to him by one in possession can bring an action to determine the nature of their respective claims.
2. On the trial of such an action, all evidences of title which either party may have can be produced to establish the validity or legality of either one.
3. A sale of real property under an execution is a conditional one. The purchaser acquires a conditional equitable estate, which may become an absolute one by the lapse of time. The legal title remains in the judgment debtor, with a further right in him, and also his creditors having subsequent liens, to defeat the operation of a sale already made.
4. During the period of redemption, the dry, naked, legal title remains in the judgment debtor, with a legal authority vested in the sheriff to divest it, at the expiration of the redemption period, by executing a deed to the purchaser.

(Syllabus by the Court. Opinion filed January 15, 1892.)

Appeal from circuit court, Pennington county. Hon. CHAS. M. THOMAS, Judge.

From the judgment rendered in this case both parties appealed. In an opinion *infra*—2 S. D. 334, this court decided the questions of error assigned by the plaintiff. This decision is founded upon those assigned by the defendant. But one set of briefs were filed by counsel, which have been noticed in connection with the former opinion.

*A. E. Wallace* and *C. L. Lewis*, for appellant.

*Chauncey L. Wood, C. J. Buell,* and *S. J. Parsons,* for respondent.

BENNETT, J. The facts and controversy of this case are fully stated in the case of Wood v. Conrad, decided at this term of court, and reported in 50 N. W. Rep. 95. On the trial in the court below, neither the plaintiff nor the defendant was satisfied with the judgment of the court, and each appeals, making separate and different assignments of errors. The decision in the above case was based upon the errors assigned by the plaintiff; this one will be founded upon the alleged errors occurring at the trial, affecting defendant's rights.

The abstract shows that the referee, against the objections of defendant, admitted, as evidence of plaintiff's title, a sheriff's deed to the property in controversy, dated April 6, 1888, which had been duly recorded. The objection to its introduction was for the reason that it recites a sale of real property which had been previously sold by the sheriff by virtue of an execution issued against the same defendant, and for the further reason that, at the time of the execution of said deed, the execution debtors had no interest or ownership in the property. The referee overruled this objection, and admitted the deed, and this action of the referee is assigned as error by the defendant. The facts in relation to this deed are that a judgment was obtained against the firm of Cyr & Volin, in favor of Jacob S. Gantz. Upon this judgment an execution was issued, and levied on lots 5 and 6,—the property in controversy, as belonging to John E. Cyr, of the firm of Cyr & Volin, which on the day of sale was sold to Wood, the plaintiff in this action.

No redemption having been made as required by law, the sheriff executed and delivered his deed for the lots to the plaintiff. It is under this deed that plaintiff claims title and the right of possession.

The purpose and object of this action is to try the legal title and right of possession to the lots in question, and, unless the respective titles of each party are before the court, there would be nothing to try or determine. The common law action of ejectment does not exist under our Code; therefore the rules which govern under that procedure are not applicable, but a person claiming an estate or interest in real property which is held adversely to him by one in possession can bring an action to determine the nature of their respective claims, (see Chapter 25, Code Civil Proc.,) and on the trial of such an action, all evidences of title which either party may have can be produced, for it is only by their introduction that the validity and legality of any one of them can be determined. The admission of the sheriff's deed as evidence was not erroneous, but as to whether it was an evidence of title which was paramount to that of the defendant depends entirely upon the facts as shown by the abstract. The legality and validity of the deed from the sheriff to the plaintiff is not questioned by the defendant, except upon the ground that the property mentioned in it, which is the property in controversy, had been previously sold by the sheriff on another execution against the same defendant, and that, at the time of the sale under that execution, and for which the sheriff's deed under which plaintiff claims title was made, the execution debtors had no interest or ownership in the property. To determine this, recourse must be had to the facts. Hall, the grantor of Conrad, the defendant, obtained whatever title he had to the property by virtue of a sale made under an execution issued against the same firm of Cyr & Volin, on the 18th day of May, 1888, which was levied on lots 4 and 5, instead of lots 5 and 6. Neither Cyr nor Volin ever claimed to have nor had either of them any interest in lot 4, which was sold under that execution; therefore, so far as that lot was concerned, the sale passed no title to it; and, as to lot 6, there being no

levy or sale upon it, Hall acquired no title to it by reason of the execution sale, and had none to convey to Conrad, the defendant, or any one else. But defendant contends that the levy of the sheriff on lot 4 was an error, and that it was the intention to make the levy on lots 5 and 6; and, in this proceeding, asks to be allowed to correct that alleged mistake of the sheriff by having the notice of sale, certificate of sale, and sheriff's return reformed and corrected, so that each of them shall read "lots 5 and 6," instead of "lots 4 and 5," wherever these words occur. If the correction can be made in any proceeding, it certainly cannot be done in an action where the validity of the title to real property is being tried. The paper evidence of that title must be taken as it appears upon its face. The notice of sale, certificate of sale, and return of the sheriff must be taken and deemed evidence of the facts recited in it. Furthermore, no evidence is shown by the record that the sheriff actually made any mistake in his levy or sale. It is merely on the part of the defendant an allegation of a fact, without proof of it. So far as the record discloses, Hall had no title whatever to lot 6, and could convey none to Conrad, the defendant.

The levy and sale under the Hall execution—and by virtue of these Hall claims title—the plaintiff contends is void, and of no effect, because previously another execution had been issued on the same judgment, which had not been returned, either satisfied or unsatisfied. The theory upon which this contention is based is that the presumption is that the levy of an execution on sufficient property to satisfy it operates *per se* as an extinguishment of the judgment. There are no cases that we have found that afford any support to this theory of the levy of an execution upon real estate. It extends, if at all, to a levy upon personal property. A judgment debtor sustains no loss by a mere levy of an execution on land, nor does the creditor gain anything beyond what he already had by the lien of his judgment. The land remains in the possession of the defendant, and he continues to receive and enjoy the rents and profits. But in the case of a levy on personal property, the possession

of it is taken from the debtor, and if the officer waste or destroy it, or it is lost or the proceeds misapplied, or he retains the property and does not return the execution, the judgment is presumed to be extinguished. This distinction is recognized in most of the states of the Union, as is shown by the following authorities: U. S. v. Dashiel, 3 Wall. 688, Ladd v. Blunt, 4 Mass. 402; Denton v. Livingston, 9 Johns. 96; Shepherd v. Rowe, 14 Wend. 260; Ostrander v. Walter, 2 Hill, 329; Green v. Bailey, 3 N. H. 33; Thomas v. Platts, 43 N. H. 629; Pratt v. Jones, 22 Vt. 341; Patterson v. Swan, 9 Serg. & R. 16; Bank v. Rogers, 13 Minn. 407, (Gil. 376;) Curtis v. Root, 28 Ill. 367; Mulford v. Estudillo, 32 Cal. 131; Thomas v. Cleveland, 33 Mo. 126; Freem. Judgm. 393. In any event, none but the judgment debtor can complain of the issuance of a double execution, as he is the only person who is liable to be damaged by it. This contention of the plaintiff we think is untenable. Hall's title to lot 5 then rests entirely upon the certificate of sale given to him by the sheriff. If this vested in him the legal title to that lot, his warranty deed to defendant is paramount to that of the plaintiff. Section 5148 Comp. Laws, says: "Upon a [sheriff's] sale of real property the purchaser is substituted to, and acquires all the right, title, interest, and claim of the judgment debtor thereto." The officer must give to the purchaser a certificate of sale, containing a description of the real property, the price paid for each lot or parcel, the whole price paid, and, if subject to redemption, it must be stated. This certificate is to be acknowledged, and recorded in the office of the register of deeds for the county where the land is situated, which certificate is taken and deemed to be evidence of the facts as stated in it. If this section stood alone, without other qualifying enactments, it without doubt would make a sheriff's certificate of sale a conveyance of title. Section 5154 provides that in all cases the judgment debtor shall have an entire year from the date of sale to redeem his property. If no redemption is made at that time, then the sheriff is to execute and deliver his deed to the purchaser or legal holder of the certificate.

It will thus be seen that a sale of real property under an

execution is a conditional one. The purchaser acquires a conditional equitable estate, which may become an absolute one by the lapse of time. The legal title remains in the judgment debtor, with the further right in him, and also his creditors having subsequent liens, to defeat the operation of a sale already made. During the period of redemption, the dry, naked, legal title remains in the judgment debtor, with authority in the sheriff to divest it, at the expiration of the redemption period, by executing a deed to the purchaser. But the purchaser, under the provisions of Section 5159, Comp. Laws, is the owner in equity, and entitled to the rents and profits. Further than this the statute does not divest the title of the judgment debtor. Section 5148, Comp. Laws, is identical with Section 700, Harston's Practice, California; which section has been before the supreme court of that state for construction in several cases; and the views of that court are in accord with the above doctrine. A very elaborate and exhaustive opinion by Judge SAWYER will be found in 31 Cal. 294, in the case of Page v. Rogers. See, also, Duprey v. Moran, 4 Cal. 196; Guy v. Middleton, 5 Cal. 392; People v. Mahew, 26 Cal. 655. The equitable title of Hall under the sheriff's certificate of sale has not, so far as the record shows, ripened into a legal one. No sheriff's deed ever having been executed or delivered to him, he had no legal title to lot 5, which he attempted to convey to Conrad, the defendant, by his warranty deed. Hall, having no legal title to lot 6, could give none to Conrad. The court very properly held that the sheriff's deed to plaintiff could be admitted in evidence of his title, and that it was paramount to that of defendant, Conrad. On this branch of the case, finding no error, the action of the court below will be affirmed. All the judges concurring.