(Superior Court of Cincinnati.)
· Special Term, July, 1899.

---

SANDHEGER v. THE BANNER BREWING COMPANY ET AL.

---

1. In the absence of a special agreement to the contrary, an order of distribution should provide for the payment of all taxes, penalties and interest due on the property sold, and also for all assessments including the present value of those not yet matured.

2. A receiver is liable for taxes on personal property in his hands.

---

Dempsey J.

Three questions are presented under the various motions for disposition at this time: (1) The right of the purchaser at receiver's sale to insist on payment out of the proceeds of sale of all of the taxes for the year 1897; (2) the right likewise of the purchaser to insist upon the payment or an allowance therefor of all the installments of alley and street assessments and (3) the right of the county treasurer to collect for taxes on personal property in the receiver's hands.

As to the two first questions the law, in the absence of special agreement between the parties, is well settled.

Under section 2854, it was the duty of the court on the distribution to order the payment of all taxes, penalties and interest due on the property. Under section 2285, the street and alley assessments were a lien from the date of the assessment, which was long prior to the sale, and provision should have been made for them in the degree of distribution, which provision, under Moerlein Brewing Co. v. Westmeier, 4 C. C , 296, might be by decreeing to the city the present value of the assessments, or by decreeing that amount to the purchaser and charging on the land the lien for the deferred installments to be paid by the purchaser as they matured.

The decree of distribution in this case simply provided for the matured taxes and street assessments. There was a clause in it providing for a continuance of the cause for further orders of distribution. When it came to extending in figures the amount of the taxes, only one-half of the taxes for 1897 were provided for, and no provision was made for the unmatured street assessments. Mr. Paxton claims that such provisions and omissions were by express agreement with Judge Outcalt or Mr. Granger, by force of which the purchaser was to assume all taxes and assessments not expressly provided for. This Mr. Granger expressly and unequivocally denies. This court will not undertake to determine the facts as between the two disputing counsel. If such an agreement as claimed was made it should, under the rules and practice of the court, have been reduced to writing, or else it should have been incorporated into the decree of distribution.

Not much assistance in favor of the claims of either party can be derived from the decree itself, for it reads as favorable to one construction as it does to the other. In view of this uncertainty the only clear course for the court to take is to stick to the law as it is in the absence of a certain definite agreement or stipulation modifying or altering the proper method of distribution, and following tihs course, it is the judgmet of the court that the prayer of Granger, assignee, as to taxes and assessments should be granted.

As to the claim of the county treasurer for taxes, it seems to the court that the reasoning of Judge Spear in 51 Ohio St., 255, at page 265, and Judge Spiegel in 5 N. P., 438, is unanswerable, and that the receivers herein are liable for personal taxes, and an order for the payment thereof may be taken.

The question as to allowances for counsel fees is not determined herein.

Paxton & Warrington for Receiver.

W. L. Granger for Consumers' Brewing Company.

F. F. Dinsmore, for County Treasurer, and numerous other counsel.