STATE ex rel MONTGOMERY LUMBER CO., Appellant, v.
TUTTLE, Respondent.

(216 N. W. 194.)

(File No. 6396.   Opinion filed November 14, 1927.)

1.  **Execution—Judgment Creditor Purchasing at Execution Sale Was
    "Successor in Interest of Judgment Debtor," Not Required to
    Produce Affidavit to Sheriff; "Redemptioner" (Rev. Code 1919,
    §§ 2679, 2682, subds. 1, 2, and §§ 2685, 2689, 2887).**

    Judgment creditor who purchased judgment debtor's property
    at execution sale was a "successor in interest of judgment
    debtor," within Rev. Code 1919, § 2682, subd. 1, rather than a
    "redemptioner" within subdivision 2, and, in view of sections
    2679, 2685, 2887, was not bound to produce to sheriff the affi-
    davit required by section 2689; production of certificate of
    redemption and payment of required amount being sufficient.

2.  **Execution—Judgment Creditor Assignee of Certificate of Fore-
    closure Sale Held Not Harmed by Failure of Execution Pur-
    chaser to Give Notice of Redemption, Former's Right of Re-
    demption Not Being Cut Off (Rev. Code 1919, § 2685).**

    Even if Rev. Code 1919, § 2685, requires purchaser at ex-
    ecution sale to give notice of redemption to sheriff, subsequent
    judgment creditor, who was assignee of certificate of sale on
    foreclosure, and who had been tendered all money due it by
    purchaser, was not harmed by failure to give such notice, since
    its right to redeem was not cut off.

Note.—See, Headnote (1), American Key-Numbered Digest, Ex-
ecution, Key-Nos. 293, 298, Mortgages, 42 C. J. Sec. 2211, 2212; (2)
Key-No. 298, Mortgages, 42 C. J. Sec. 2211.

Appeal from Circuit Court, Tripp County; Hon. John G.
Bartine, Judge.

Suit by the State of South Dakota, on the relation of the
Montgomery Lumber Company, against Eli Tuttle, as sheriff of
Tripp County, S. D. From a judgment denying plaintiff's applica-
tion for a writ of mandamus to compel the sheriff to execute to
plaintiff a deed to the premises involved, plaintiff appeals. Affirmed
and writ denied.

*M. Q. Sharpe,* of Kennebec, for Appellant.

*Windsor Doherty* and *C. E. Talbott,* both of Winner, for Re-
spondent.

MISER, C.   In 1917, the Tripp County Agricultural Fair
Association executed its mortgage to the Bank of Winner, which

mortgage was duly assigned to one Olson. Olson foreclosed this mortgage by a sale on May 17, 1924. On November 29, 1924, in an action then pending in the circuit court of Tripp county, wherein the Rosebud Lumber & Coal Company, hereinafter referred to as the Rosebud Company, was plaintiff and the Fair Association and Montgomery Lumber Company were defendants, judgment was duly entered and docketed in favor of the Rosebud Company and against the Fair Association for $6,045.49, plus attorney's fees and costs; and, on the 29th day of December, 1924, in the same action, a judgment in favor of the Montgomery Lumber Company against the Fair Association was entered for the sum of $2,917.91, by the terms of both of which the judgment of the Rosebud Company was superior to the judgment of Montgomery Lumber Company, plaintiff and appellant herein.

Thereafter, on January 27, 1925, during the year of redemption from the mortgage sale, on execution sale under the Rosebud Company judgment, that company purchased the real estate for the sum of $6,336.21; that being the amount of their judgment. A sheriff's certificate on execution sale, issued to the Rosebud Company, was on January 30, 1925, duly recorded. On May 12, 1925, five days before expiration of the year of redemption, Olson duly assigned his certificate of sale on mortgage foreclosure to the Montgomery Lumber Company, whose judgment was a third lien. This assignment was not recorded until May 28, 1925, eleven days after the expiration of the year of redemption. On May 15, 1925, the Rosebud Company, claiming a right to redeem from the sale on foreclosure, produced to the sheriff of Tripp county, defendant herein, its said sheriff's certificate on execution sale, dated January 27, 1925, and paid to said sheriff the sum of $3,740.30, that being the correct amount for which the said property legally sold on foreclosure, together with all necessary amounts required to be paid to fully redeem said property; and, on the 15th day of May, 1925, the said sheriff issued to the Rosebud Company a sheriff's certificate of redemption, which, on the 16th day of May, was duly recorded.

After the sheriff received this money from the Rosebud Company, he tendered said money to the Montgomery Lumber Company, which refused to accept it; and, on July 10, 1925, the Montgomery Lumber Company exhibited to the sheriff the certificate of

sale on mortgage foreclosure issued to the said Olson, and the assignment thereof to the Montgomery Lumber Company, and offered to surrender the same to the sheriff and to pay the sheriff his legal fees, and demanded a deed for the premises, which the sheriff refused to execute. This suit was then begun on the relation of the Montgomery Lumber Company; and an alterative writ of mandamus was issued to compel the defendant to execute a sheriff's deed, for the reason, as the agreed statement of facts shows, the Rosebud Company, when it paid to the sheriff of Tripp county the sum of $3,740.30, did not give written notice of redemption to the sheriff and file a duplicate thereof with the register of deeds as required by Rev. Code 1919, § 2685, and did not produce to the sheriff an affidavit showing the amount due as required by section 2689. The agreed statement of facts shows that the Rosebud Company did produce, at that time, its original sheriff's certificate of sale, but produced to the sheriff no other papers.

The trial court rendered judgment denying the application of plaintiff for a writ of mandamus to compel the sheriff, defendant and respondent herein, to execute to plaintiff, Montgomery Lumber Company, a deed to the premises; and plaintiff appeals therefrom.

Appellant contends that the failure of the Rosebud Company to give the notice required by section 2685, Rev. Code 1919, and to produce to the sheriff the affidavit required by section 2689, was fatal to a valid redemption, despite the fact that a timely payment of a sufficient amount was made to the sheriff and a certificate of redemption issued to the party thus redeeming. Respondent contends that, although these requirements were not complied with, yet, as between appellant and the Rosebud Company, a valid redemption was effected; although the failure to give notice did not cut off the right of appellant as third lienor to even yet redeem.

Section 2685, Rev. Code 1919, is as follows:

"Written notice of redemption must be given to the sheriff, and a duplicate filed with the register of deeds of the county."

Section 2689 is as follows:

"A redemptioner must produce to the officer or person from whom he seeks to redeem, and serve with his notice to the sheriff:

"1. A copy of the docket of the judgment under which he claims the right to redeem, certified by the clerk of courts of the

county where the judgment is docketed, or, if he redeem upon a mortgage or other lien, a note of the record thereof certified by the register of deeds.

"2. A copy of the assignment necessary to establish his claim, verified by the affidavit of himself, or of a subscribing or other witness thereto.

"3. An affidavit by himself or his agent, showing the amount then actually due on the lien."

[1] It is the contention of plaintiff and appellant that the express language of the statute cannot be ignored by a redemptioner, and that the foregoing statutory requirements are mandatory. Before we consider this contention, let us inquire whether or not the Rosebud Company is a redemptioner within the definition of sections 2682 and 2887, Rev. Code.

Section 2682 is as follows:

"Property sold subject to redemption * * * may be redeemed in the manner hereinafter provided, by the following persons or their successors in interest:

"1. The judgment debtor, or his successor in interest.

"2. A creditor having a lien by judgment or mortgage on the property sold, or on some share or part thereof, subsequent to that on which the property was sold. The persons mentioned in the second subdivision of this section are termed redemptioners."

Our sections 2682, 2685, and 2689, hereinbefore quoted, correspond to sections 701, 703, and 705, respectively, of the California Code of Civil Procedure as enacted in 1872. The Supreme Court of that state has repeatedly held that the purchaser of real estate at execution sale is a successor in interest of the judgment debtor and not a redemptioner, under section 701. Pollard v. Harlow, 138 Cal. 390, 393, 71 P. 454, 648, and cases therein cited, and Leaver v. Smith, 47 Cal. App. 474, 190 P. 1050. For the reason that the quotation from section 700, Cal. Cod. Civ. Proc., might have been taken verbatim from our section 2679, we quote the language of Pollard v. Harlow as follows:

"But we have no doubt that she is to be regarded as 'successor in interest' of the judgment debtor. For by the provisions of section 700 of the Code of Civil Procedure, it is, in effect, so enacted. For it is there provided that 'upon a sale of real property, the purchaser is substituted to and acquires all the right, title,

interest, and claim of the judgment debtor thereto,' which is to say unequivocally that he becomes the successor in interest of the judgment debtor."

And also:

"Whatever be the nature of the purchaser's title,—whether legal or equitable,—that he is a 'successor in interest' of the judgment debtor, within the meaning of the term as used in section 701."

In the case of Hardin v. Kelly, 144 F. 354, the Circuit Court of Appeals of the Eighth Circuit, speaking through Circuit Judge Hook, says:

"When one purchases at an execution sale he takes a step looking to the acquisition of full title. He does not thereby become the creditor of anyone, and no one is indebted to him for the money he pays to the officer making the sale. His interest should appropriately be termed an inchoate ownership which may automatically ripen into complete title without any further act on his part. [Citing California, New York, South Carolina.] The Supreme Court of South Dakota has called it a 'conditional equitable estate,' also an 'equitable title.' Wood v. Conrad, 2 S. D. 405, 50 N. W. 903. In California, under a similar statute, it has been termed an 'equitable estate'; the court saying that the use of the word 'lien' in connection therewith is not exact. Page v. Rogers, 31 Cal. 294. The right of an owner to pay off and discharge all liens upon his property exists independently of statute, yet it is a familiar rule that the right is cut off and destroyed by a sale under execution or decree of a court. It is then said to have been foreclosed. The right to redeem from a sale does not exist independently of statute; * * * and this would seem to indicate that the interest of a purchaser is something different from a lien. * * * We do not understand the case of MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281, to be in conflict with these views, excepting in the incidental observation that a certificate of sale constitutes a lien in the nature of an equitable estate."

Again, in the case of State ex rel Hale v. McGee, Circuit Judge, 38 S. D. 257, 160 N. W. 1009, this court says:

"A sale held under a power of sale, where the statute has been complied with in the giving of notice, etc., is a valid sale, and passes to the purchaser a conditional equitable estate. This equi-

table estate is a vested estate; it will, except there be redemption—the condition to which it is subject—ripen into an absolute estate by mere lapse of time. * * * This absolute estate entitles the holder thereof to be vested with the legal title through the sheriff's deed. Upon the sale, the mortgage debt, to the extent of the proceeds of the sale applicable to its payment, is wiped out, and ceases to exist."

Moreover, section 2679, Rev. Code 1919, is as follows:

"Upon a sale of real property the purchaser is substituted to, and acquires all the right, title, interest and claim of the judgment debtor thereto * * * subject to redemption as provided in this part. The officer must give to the purchaser a certificate of sale."

This section was formerly section 5148, Comp. Laws, in construing which, in Wood v. Conrad, supra, this court called attention to the fact that the views of the South Dakota court were in accord with the views of the California court, and specifically referred to the opinion by Judge Sawyer in Page v. Rogers, 31 Cal. 294. Therein, at page 301, we find the following:

"To call the interest of the purchaser at a sale on execution before the making of the sheriff's deed a lien, merely, is not very exact. In a general sense it may be a lien, but it is more. The purchaser obtains an inchoate right which may be perfected into a perfect title, without any further act than the execution of a deed in pursuance of a sale already made. It is not a mere right to have a certain sum charged upon the property, satisfied out of it. The sum before charged upon the land has already been satisfied by the sale, to the extent of the amount bid and paid by the purchaser. The purchaser has already bought the land and paid for it. * * * The purchaser acquires an equitable estate in the lands, conditional it is true, but which may become absolute by simple lapse of time."

Furthermore, a reading of all those sections in our Code relating to redemption is convincing that a purchaser at an execution sale comes more easily within the meaning of a successor in interest of the judgment debtor than within the meaning of a creditor having a lien by judgment, that is a "redemptioner" within the strict meaning of that article, although both are redemptioners in the popular meaning of the word. It is proper that a judgment creditor should produce to the sheriff an affidavit showing the

amount then actually due on the lien, for the judgment may have been partially or wholly satisfied; whereas, the redemption value of a certificate of sale on execution is ascertainable by all from an inspection of the records in the office of the register of deeds, so that no affidavit of its value is necessary.

Therefore, both on reason and authority, the Rosebud Company was not a redemptioner under the meaning of sections 2682 and 2689, but was a successor in interest of the judgment debtor and was not bound by the obligations of a redemptioner in the strict meaning of that term.

[2] Was it, however, required to give the written notice demanded by section 2685? In Spackman v. Gross, Sheriff, 25 S. D. 244, 252, 126 N. W. 389, 392, this court says:

"Under our statute the right of redemption is conferred only on two classes of persons: First, the judgment debtor and his successor in interest; second, creditors, having a lien by judgment or mortgage on the property sold, etc., who are called redemptioners. The method of procedure by which a redemption may be effected by the debtor and redemptioner, respectively, are governed by separate and distinct sections of the Code. The redemptioner must proceed under section 378 [now section 2685], which is as follows: 'Written notice of redemption must be given to the sheriff, and a duplicate filed with the register of deeds of the county. * * *' The debtor or his successor in interest must proceed under section 380 [now section 2687], which is as follows: 'If the debtor redeem, he must make the same payments as are required to effect a redemption by a redemptioner. * * *' The debtor, on the other hand, is not required to serve or file any notice of redemption. But he must make the same payment as a redemptioner."

Moreover, as to the necessity of notice, we find the following in Spackman v. Gross, supra:

"The notice to be filed by a redemptioner is for the benefit of the person filing it, as its filing is the beginning of the brief period of limitations, of which he may take advantage as against other redemptioners. But under this statute the redemption and the filing of the notice of redemption are distinct acts. As against the person from whom the redemption is made no notice is necessary. The notice is only operative and necessary as against other redemptioners, and their right to redeem can be barred only by the

filing of the notice of redemption as required by the statute. The failure to file the notice of redemption does not render the redemption itself irregular or illegal. It merely leaves the rights of other redemptioners unaffected. It does not extend the limitations of 60 days, because that period begins only when the notice is filed."

From a reading of the California citations under section 2689 in our Code, we find the following: "Judgment debtors and their successors in interest do not come within the class termed 'redemptioners,' and therefore, are not required to follow the demands of" this section "in making a redemption." Phillips v. Hagart, 113 Cal. 552, 555, 45 P. 843, 54 Am. St. Rep. 369. Consequently, even though the law required the Rosebud Company to give the notice mentioned in section 2685, appellant has not been harmed by its failure to do so, for as the assignee of the certificate of sale on foreclosure, it has been tendered all the money due it, and, as the owner of the judgment which is the third lien, its right to redeem, as respondent concedes in its brief, has not been cut off. Appellant is not entitled to a deed.

The judgment appealed from is affirmed and writ of mandamus denied.

CAMPBELL, P. J., and GATES and SHERWOOD, JJ., concurring.

POLLEY and BURCH, JJ., not sitting.