UNION TRUST CO v CLEVE ALLOTMENT CO et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10183. Decided December 9, 1929

Messrs. David & Klein, Cleveland, for Trust Co.

Messrs. Ford & Kiefer, Cleveland, for Allotment Co.

LEMERT, P. J. & SHERICK, J. (5th Dist) sitting.

**LEMERT, PJ.**

The position taken by the defendant herein is that The Union Trust Company was entitled to interest on its lien up to the date of the Sheriff's sale only. This seems to be the uniform rule except in those states where the courts, as a matter of local practice, have fixed a different time limit. It has been held that "where property is sold at Sheriff's sale, interest on liens is allowed to the date of the sale only." 33 Corpus Juris, 239.

"Where land encumbered by judgments is sold by the Sheriff, and the money paid into court for distribution, it is error to allow interest on the judgments after the sale." Potter vs. Langstreth 25 Atlantic 76.

It has been held that where the question was raised as to the length of time for which interest should be allowed to lienholders where the premises subject to the liens were sold at judicial sale; that the interest is allowed on liens to the date of the sale only. The courts have gone so far as to say that the time at which interest on liens must cease is on the date of the sale as the property is then sold and taken from the defendant.

We have carefully examined the cases cited by plaintiff in error in its brief, but we fail to find wherein their point at issue prevails in the instant case.

While the authorities are not unanimous on this question we have been unable to discover any decision contrary to the general rule laid down as hereinbefore cited in 33 Corpus Juris, 239. The court below in granting the motion of the defendant in error, allowed interest to The Union Trust Compay up to the expiration of thirty days after the date of sale which carried the interest to November 26th, 1928. This ruling of the court below is predicated upon the local rule of the Court of Common Pleas in and for Cuyahoga County, Ohio, which reads as follows:

"Within thirty days from the date of the sale, the purchaser shall pay the entire purchase price to the Sheriff and receive his deed."

The contention made by The Union Trust Company that interest on the principal should be paid up to the date of delivery of the sheriff's deed, appears upon analysis to be unfair, especially when it is considered that under such rule a prior lienholder who becomes a purchaser at Sheriff's sale could so far delay taking up his deed from the Sheriff's office as to cause the interest thereby accruing in his favor to eat deeply into the equity of a junior lienholder, to the latter's serious prejudice. So that, for the protection of all lienholders and to obviate the inequitable distribution of funds which might otherwise result, it therefore becomes necessary that a definite time limit be fixed beyond which interest shall not be paid out of the proceeds of a foreclosure sale.

Therefore, taking this view of the instant case we find and hold that the ruling of the court below in granting the aforesaid motion was proper and correct and the finding and judgment of the court below will, therefore be, and the same hereby is affirmed. Exceptions may be noted .

Sherick, J., concurs. Houck, J., not participating.