HARKNESS, Respondent, v. ALTHEN, Appellant.

(228 N. W. 397.)

(File No. 6705. Opinion filed December 31, 1929.)

*Miller & Shandorf,* of Mitchell, for Appellant.

*Frank W. Mitchell* and *P. A. Zollman,* both of Mitchell, for Respondent.

BURCH, J. In 1926 defendant, Althen,. foreclosed by advertisement six mortgages, executed by plaintiff Moyer, covering six separate tracts of real property in the city of Mitchell. The sale was made on October 31st and Althen as mortgagee purchased each tract upon separate bids. Each bid was for the full amount claimed by Althen to be due upon the mortgage covering the tract upon which the bid was placed. Plaintiff, Moyer, claiming that the amount of the bid was greater than the amount actually due

upon the mortgage covering each tract, brought this action for an accounting and to recover the excess claimed to be due him by reason of the sale of the property for more than the amount due upon the mortgages. An account was taken, and the court rendered judgment in favor of plaintiff for $694.47. Defendant appealed from the judgment and from an order denying a new trial. Since the appeal was taken Moyer died, and his administrator has been substituted as respondent.

The judgment rendered by the court is the difference between the amount found to be due upon the mortgages in the accounting taken and the amount of the bids made by appellant upon the sale of the property, with one or two items of rent collected by appellant after the bid. The figures composing the account are complicated, owing to numerous small payments made, their proper application to the indebtedness, the amount to be credited from collections made by Althen under an assignment of rent, the allowance of charges for collecting, and for other services. Appellant concedes there may have been some errors in figuring interest and in crediting amounts, but insists that such errors are slight and insignificant in amount and were settled and adjusted by agreement of the parties pending foreclosure of the mortgages, and that appellant's bid was in compliance with and in fulfillment of such settlement and not otherwise.

Appellant presents his first question on appeal by an objection to the introduction of any evidence. He takes the position that he, being the mortgagee and having bid in the properties for the amounts claimed and advertised to be due, is not in the position of a purchaser who bids to acquire title without other interest in the sale, and therefore respondent cannot maintain an action to recover the amount bid as upon a sale of the property knowing the bid was intended as a step in the foreclosure of respondent's equity of redemption and to satisfy the indebtedness only, with no intent to fix the value of the property or the purchase price. Appellant concedes that if respondent wished to redeem, he would have the right to do so by paying the amounts actually due, instead of the amounts for which the properties were bid in; but he contends that respondent cannot profit by appellant's mistake in figuring the amounts due. Appellant cites no authority to support his position, but contents himself by arguing that it is

inequitable to permit respondent to collect after having permitted the sale to take place upon the advertisements showing a certain amount due, without moving to stop such sale and having the amounts first adjudicated as he might have done under section 2876, Rev. Code 1919, providing for foreclosure of mortgages in court. With this, however, we cannot agree. Section 2884, Rev. Code 1919, authorizes the mortgagee to purchase at a mortgage foreclosure sale. He is not required to bid at such sale, nor if he bids to bid the amount claimed to be due. He is as free in bidding as any other purchaser. We can see no reason why he should not be held to his bid, in the absence of fraud, the same as any other purchaser. He was under no oblgation to bid more than the property was worth. Under his bid he may acquire title as any bidder. He, having bid a certain amount and expecting to acquire title thereunder if no redemption is made, should be held to have purchased the property for that sum. The mortgagor is not obliged to redeem. He may not be able to do so, and if he does not he should have the benefit of the highest price for which his property will sell. Situations might arise where, because of competition in the bidding, a mortgagee would be willing to pay much more than the amount due upon the mortgage. The mortgagor under such circumstances might be pleased to make the sale. He would then be entitled to take no steps to redeem and to take the advantages of the sale instead. True, in this case there was no competitive bidding, and the amount bid was not more than was claimed to be due; but it was for a fixed amount as the price appellant would pay. No reason is apparent why that should not govern the sale price in determining the rights of the parties, unless his following position is well taken.

██ Which is substantially this, that about the time of the foreclosure of the mortgages and before the sale under foreclosure appellant furnished to Moyer a statement of amounts due; that Moyer made some objection to the amount of credit given him and claimed that the statement was not correct, but was unable to, or at least did not, point out any errors in the statement; that afterwards numerous conversations were had concerning the amount due resulting in an agreement and settlement of the account between the parties whereby appellant agreed to bid in the several properties at the foreclosure sale for the amounts he claimed were due

him on the respective mortgages, and take no deficiency judgment against Moyer on account of any of the mortgages or indebtedness secured thereby, in consideration that Moyer make no objection to the account but settle and agree that the same is correct for the purpose of foreclosure and sale of the property; that in fulfillment of this agreement, appellant bid in the property for the amounts he claimed to be due upon the respective mortgages with the full knowledge and consent of Moyer and for the purpose of making his bid cancel the indebtedness and leave nothing upon which to base a deficiency judgment, although both appellant and Moyer knew that the properties were not in fact worth the amounts for which appellant had agreed to bid them in. The foregoing is substantially the position of appellant in defense of Moyer's claim to recover upon an accounting in this action. Appellant argues that Moyer is now estopped by reason thereof to insist upon an accounting or to recover from appellant for any difference between the amount of the bids and the amount actually due, if there should on such accounting appear to be a difference in favor of Moyer. If the evidence supports and proves the facts relied on by appellant, it would seem that Moyer is bound by an accord and satisfaction rather than by estoppel. If the parties in fact settled their disputed account in the manner claimed, there was an accord which was satisfied by appellant's bidding in the property and assuming the position of a purchaser in fulfillment of that agreement.

The evidence discloses numerous conversations and negotiations between the parties looking to a settlement, and on the 1st of October, 1926, a written agreement was signed by appellant and Moyer, as follows:

"Whereas a dispute has arisen between the undersigned in regard to the removal of a building from the West 92 feet of Lots 3 and 4, Block 21, Rowley's Second Addition, by the undersigned F. L. Moyer, and the placing of another building thereon, the undersigned, John Althen, having a mortgage on said premises:

"Now Therefore, said dispute is settled as follows, to-wit: The undersigned F. L. Moyer shall pay the undersigned, John Althen, the sum of $100.00 therefore as follows, $81.50 heretofore paid, and for which said Moyer hasn't received any credit, and $18.50 cash, and in return said John Althen hereby receipts in full for said building so removed, and the difference in value between

said buildings and the building substituted in place therefor, and he further agrees that he will not take or attempt to take any deficiency judgment against said F. L. Moyer on any one of the six real estate foreclosures, sales held by him, the said John Althen, on mortgages executed to him by the said F. L. Moyer.

"Dated October 1, 1926.

[Signed]  "John Althen.
"F. L. Moyer."

■ This agreement was entered into the day foreclosure was commenced and about a month before the sale. The written agreement does not disclose the contract contended for but shows the settlement of a dispute over the removal of a building. The written agreement seems to be complete as to the then disputed matters, so that all negotiations prior to its execution are merged in the agreement finally reduced to writing. The written agreement does not support the contract claimed to have been made settling the account, but it does show appellant's agreement not to take a deficiency judgment, in consequence of which there were several subsequent conversations between Moyer and appellant's attorney concerning the taking of a deficiency judgment. Moyer seems to have feared Althen would not abide by his agreement, and on the day of the sale inquired of Althen's attorney if he (Moyer) would need to attend the sale, and was assured that he need not, as the attorney would see that the property was bid in for the full amount so there could be no deficiency judgment. That was on the day of and shortly before the sale. The notices of sale had been published and each contained a statement of the amount due on the mortgage to which it applied. Althen had agreed in writing to take no deficiency judgment, but had not agreed to bid at the sale. But both parties indicate by their conduct that they understood that the agreement to take no deficiency judgment would be fulfilled by Althen by a bid sufficient to satisfy the indebtedness, so there would be nothing upon which to base such judgment, and by tacit consent both parties were at this time fulfilling the agreement not to take a deficiency judgment by a procedure calculated to satisfy the indebtedness. No such judgment could have been taken on the day of sale in any event. Both parties were in accord in making the bid cancel the indebtedness, thereby putting it beyond the power of Althen to take a deficiency judgment, and thus confirming his

agreement not to do so. It is apparent from Moyer's concern as to a deficiency that he would not have been satisfied with a bid for less than was actually due, and not knowing the amount would not have been satisfied with a bid for less than was claimed to be due, subject perhaps to later correction. But if he was to have a right to question the amount later, we think it must follow that a correction would correct the bid so that the bid would satisfy the debt only, that being the evident intent of the bid and so understood by both parties. Neither party expected or intended a bid for more than enough to fulfill the agreement not to take a deficiency judgment. That was the subject of the conversation the morning of the sale and the consideration for the promise to bid. There was no competition to raise the bid, and it should therefore be taken for what was intended, a fulfillment of the agreement to cancel the indebtedness. Under such circumstances, there was an accord on the account for bidding purposes, and Moyer is estopped to claim more than a fulfillment of the agreement as intended. It is argued that there can be no estoppel because Althen did not change his position, he having already fixed the amounts due under the mortgages in his notices of sale. He was under no compulsion to bid, and but for Moyer's insistence might have bid much less or not at all. It is idle to say Moyer would have been satisfied with a bid for less than claimed. . He offered no lesser amount which would satisfy him, and he must be held to have assented to the amount claimed as a basis for the bid satisfying Althen's agreement to take no deficiency judgment, although he may not have assented thereto for other purposes.

█ █ This determines the case on its merits. It is conceded Moyer might have redeemed for the amount actually due, and this is consistent with the theory that the bid was intended to cancel the indebtedness and no more. On the other hand, Althen as purchaser was paid by his bid and had no rights to any further rents previously assigned to be applied upon the indebtedness. During the redemption period Moyer has the right of possession and consequently all rent accruing during this period. Appellant having satisfied the indebtedness by his bid can claim no further payments from any source unless there is a redemption according to law.

That portion of the judgment appealed from allowing a recovery for errors in computation of the amounts due on the mort-

gages amounting in all to $569,77, together with the interest computed thereon, is erroneous and should be and is by the judgment of this court deducted from the amount of respondent's judgment. As thus modified, the judgment and order appealed from are affirmed. No costs to be taxed in this court.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BROWN, JJ., concur.