### SCHMIDT et v
### PENN MUTUAL LIFE INS CO et

Ohio Appeals, 2nd Dist, Franklin Co

No 2544.   Decided Dec 31, 1935

Barton Griffith, Columbus, for plaintiffs in error.

Luther L. Boger, Columbus, for defendant in error, The Penn Mutual Life Insurance Company.

### OPINION

By HORNBECK, J.

Error is prosecuted by the plaintiffs in error who were defendants below against an order of distribution and particularly certain items of the purchase price of certain real estate sold by the sheriff of Franklin County, Ohio, to the defendant in error, The Penn Mutual Life Insurance Company

of Philadelphia, Pennsylvania, on an order of sale in foreclosure.

To understand the grounds of error presented, it will be necessary to set out in some detail the procedural steps in chronological order leading up to the order of which complaint is made.

The original action was instituted by the Insurance Company against the Schmidts, The Bliss Business College Company, a lessee of the real estate under consideration and many other defendants who had claims against the Schmidts. The petition was filed July 2, 1932, the first cause of action was on a note upon which it was alleged there was due the plaintiff from the defendants the sum of $56,375.00 with interest at 8% from July 1, 1932. The second cause of action was for foreclosure of a mortgage given by the Schmidts to the Insurance Company to secure the above mentioned note, the property described in the mortgage being 41 feet off the west ends of inlots Nos. 621, 622 and 623 in the City of Columbus, Ohio. On July 2, 1932, judgment was confessed by the Schmidts upon a cognovit form of note in the sum of $56,375.00, with interest at 8% per annum from July 1, 1932, and for costs of suit taxed and to be taxed. On the second day of July, 1932, on motion of counsel for the Insurance Company, the court named R. B. Cuthbert, receiver, to take charge of the real estate described in the petition, to rent the same and collect said rents under the order of the court. At the time of the institution of the action, a defendant, the Bliss Business College Company was occupying a certain portion of the premises described in the petition under a ten year lease with the right of two renewals thereof for additional terms of five years each after the expiration of the ten year period, the lease having been made as of date November 29, 1915. Said defendant, The Bliss Business College Company had on July 2, 1932 recovered a judgment against defendant, Harry E. Schmidt in the sum of $7,475.00 with interest and costs by reason of a breach of certain of the conditions of the lease by Schmidt. Because of this judgment of the Bliss Business College Company, it was paying no rental for the premises leased and the receiver had insufficient income to meet operating expenses and to make certain necessary repairs upon the property described in the petition. On November 4, 1932, an order of foreclosure and sale was decreed subject to the lease of the Bliss Business College Company. After the judgment was taken against the

Schmidts, Mr. Schmidt applied for a loan of $5,000.00 upon the policy of insurance which he had with the company. The loan was granted and the check sent to the local agent of the company, which thereafter instituted proceedings in garnishment and thereby secured an order of court directing that the amount of the check be applied upon the plaintiff's judgment, which was done. On July 3, 1933, the property was appraised at the sum of $60,000.00 and thereafter on the 5th day of August, 1933, the property was offered at public auction and bid in by Harry E. Schmidt, Agent. Mr. Schmidt could not or did not produce the purchase price at which he bid in the property and after being cited for contempt and considerable effort having been made without success to cause him to pay for the property, the court on May 28, 1934, ordered the sheriff's sale to Mr. Schmidt set aside and a new sale was ordered. On the same date, but prior to the vacating and setting aside of the sale of the property, the court overruled a motion of defendant, Harry E. Schmidt to take testimony with respect to the value of the property described in the petition or to require the plaintiff to agree to bid the value of the said real estate as the same may be determined by the court and for other relief. On August 18, 1934, the property was again offered for sale at public auction and the plaintiff insurance company bid the sum of $40,000.00 therefor which was two-thirds of the appraised value thereof.

On the same day as the sale to the company, counsel for Harry E. Schmidt filed a motion consisting of two branches.

(1) To require the plaintiff as a prerequisite to the confirmation of the sale to accept the sum at which the property was struck off to the company, $40,000.00 in full of its judgment, or

(2) To take the testimony of witnesses familiar with the value of said premises and the replacement value of the buildings thereon, in addition to the affidavits on file herein and upon a determination of the value of said premises by the court to require plaintiff to credit on its judgment the value so found.

The court thereafter in a written opinion overruled the first branch of the motion and sustained the second branch thereof and this ruling of the court was journalized on October 15, 1934. Thereafter the court took testimony touching the true

value of the premises theretofore bid in by the insurance company and in a written opinion filed of date February 13, 1935, though probably rendered prior thereto, determined that the real estate sold was worth the sum of $60,000.00 and said that as a condition to the confirmation of the sale, plaintiff should credit the judgment against defendant with the amount which would be credited had the property sold at its real value of $60,000.00 "otherwise the court would refuse to confirm the sale." The entry of confirmation of the sale of the sheriff to the insurance company, the finding of the priority of liens, the order of distribution and the order disposing of the $20,000.00 additional credit on the judgment of the plaintiff against the Schmidts is dated February 1, 1935.

It will be observed that the sale to the insurance company under the second order of sale was dated August 18, 1934, and that it was not confirmed until February 1, 1935. During this interim, the property was in the hands of a receiver who had taken orders of court authorizing expenditures in connection with the repairs to and operation of the building upon the real estate. The entry of confirmation of sale to the insurance company of date February 1, 1935, is the usual and ordinary form of confirmation of judicial sale ordering of a deed for the property sold, determination of the liens and the priority thereof and distribution of the proceeds of the sale upon the basis of a purchase price of $40,000.00.

Besides that which constitutes a full and complete entry of confirmation of sale, order of deed, distribution of proceeds, this language also appears in the entry:

"It further appearing to the court that there has been paid on the judgment of the said, The Penn Mutual Life Insurance Company the sum of $30,248.11 that there remains due thereon to the said Penn Mutual Life Insurance Company, the sum of $32,568.24; that it has been mutually agreed between the parties hereto that there shall be credited upon said judgment the additional sum of $20,000.00 over and above the selling price, it is ordered and decreed that the said Penn Mutual Life Insurance Company recover a judgment against the defendants, Harry E. Schmidt and Anna E. Schmidt for the remaining deficiency in the amount of $12,568.24 with interest thereon from the 21st day of January, 1935, until the same shall be paid and that execution issue therefor."

The order of distribution of the sum of $40,000.00 is made up of seven items: The seven items ordering the distribution of the $40,000.00 purchase price of the property sold by the sheriff and the order in which they were to be paid as appears in the entry are as follows:

(1) To the Clerk of the Court the costs of this action taxed at $203.39.

(2) To the receiver herein, R. B. Cuthbert, covering the approximate deficiency in income from operation of building $1266.68.

(3) To the Treasurer of Franklin County, Ohio, taxes and assessments due at the December, 1934, and June, 1935, tax collections amounting to $1363.25.

(4) To Roy McFadyen of Columbus, Ohio, the amount of the receiver's certificate issued under the former order of this court and purchased by the said Ray McFadyen with interest thereon, 6% to January 21st, 1935, $340.95.

(5) To the plaintiff herein the amount due upon the receiver's certificate issued under the order of this court and purchased by said plaintiff with interest thereon at 6% to January 21, 1935, $2025.33.

(6) To the plaintiff herein, Penn Mutual Life Insurance Company, the taxes paid by it on April 27, 1934, and October 2, 1934, with interest at 6% from the respective dates of payment, amounting to the total sum of $4552.29.

(7) To the Penn Mutual Life Insurance Co., to apply upon its judgment herein, the balance of said purchase price, amounting to $30,248.11.

Exceptions to this order were noted by defendants, Harry E. Schmidt and Anna E. Schmidt but none noted by the plaintiff. The Schmidts claim that the court erred:

(1) In directing and ordering that there be paid out of the proceeds of said sale interest on said judgment being then in the sum of $62,816.35 from said 18th day of August, 1934, to the 21st day of January, 1935, in the sum of $2121.71.

(2) In ordering that there be paid out of the proceeds of said sale the taxes for the year 1934, being the taxes becoming due December, 1934, and June, 1935, in the sum of $1363.25.

(3) In ordering payment out of the proceeds of the sale 'to the receiver herein, R. B. Cuthbert covering the approximate deficiency from operations of buildings' the

sum of $1266.68 there being no deficiency on said August 18, 1934.

(4) In ordering to be paid out of the proceeds to the plaintiff herein the amount due upon the receiver's certificate issued under order of this court and purchased by plaintiff with interest at 6% to January 21, 1935, $2025.33, which certificate was authorized to be issued on September 28, 1934, for improvements and repairs thereafter to be made.

(5) In ordering to be paid from the proceeds of said sale from January 2, 1935 attorneys' fees for services rendered from August 24, 1934 in the sum of $300.

(6) In permitting said entry of confirmation to contain the following: 'That there remains due thereon (meaning its judgment) to the said Penn Mutual Life Insurance Company, the sum of $32,568.24; that it has been mutually agreed between the parties hereto that there shall be credited upon said judgment the additional sum of $20,000.00 over and above the selling price, that it is ordered and decreed that the said Penn Mutual Life Insurance Company recover a judgment against the defendants, Harry E. Schmidt and Anna E. Schmidt for the remaining deficiency in the amount of $12,568.24 with interest thereon from the 21st day of January, 1935 until the same shall be paid,' for the reason that the record shows that it was the order of the court and not an agreement of the parties."

The basis in law for the errors asserted by the Schmidts is in the main that a deed for real estate executed by an officer of the court pursuant to the order confirming a judicial sale takes effect as of the day of the sale; that title to the real estate described in the petition passed to the Insurance Company as of the date of the sale, namely, August 18, 1934, and as it had the right to the proceeds from said property from that date, interest on the judgment could properly be computed only to the day of sale; that the expenditures made by the receiver on the property and compensation to him for his services in connection therewith after the date of the sale, could not properly be taken from the purchase price. It is further claimed that any taxes which were chargeable upon the tax duplicate against the real estate in question on and after August 18, 1934 were chargeable against the insurance company because the taxes for the year 1935 could not be levied until October 1, 1934. In other words, the only taxes which could properly have been taken from the purchase price of the real estate were those which stood legally charged upon the tax duplicate August 18, 1934, the date of the sale. The principles contended for are well recognized in the cases cited, namely, Jashenosky v Volrath and Wolf & Son v Volrath, 59 Oh St 540; Schwartz v Williamson, 8 O.C.C. (N.S.) 532; Johnson v Cinte, 11 O. C.C. (N.S.) 344; Murphy v Harden, 22 O.C. C. 511; Union Trust Co. v Cleveland Allotment Co., 35 Oh Ap 549 (8 Abs 86); 24 O. J. p. 109; Heglen v Cohan, 30 Oh St 436; Makley v Whitmore, 61 Oh St 587; Creps v Baird, 3 Oh St 277; Sandheger v Brewing Co., 6 O.N.P. 410.

We find no variance from the rule that the title of a purchaser at judicial sale is fixed as of the date of sale. The predicate for the holding of the Supreme Court is that title passing to the purchaser as of the date of the sale, the benefits therefrom accrue to the purchaser and it follows that the detriment therefrom must also be borne by the purchaser. In Black v George, 26 Oh St 629, which is cited by the Insurance Company, the benefits of the rents and income from the leased property were by the very terms of the sale postponed until the termination of the lease. As the rentals accruing from the property sold in partition were denied the purchaser until the expiration of the lease, the date of the vesting of his title was likewise postponed until that date.

It is the claim of the Insurance Company that the act of the trial judge in fixing the true value of the real estate at $60,000.00 which it had bid in at $40,000.00 and requiring it to allow a further credit on its judgment of $20,000.00 was, if authorized, an act of the court on its equity side constituting in effect a new sale as of the date of the confirmation of sale; that the delay between the date of sale and the confirmation thereof was occasioned by the acts of Schmidt and thereby the costs of the receivership were increased, that the taxes accrued prior to the confirmation and it was but equitable to require these items to be paid from the additional $20,000.00 required to be credited on the judgment.

We are required to accept the language of the order of the court as carried into

its journal entry. It is well recognized that a court speaks through its journal and in no other manner. Here we have in the written opinions of the trial judge a well defined theory followed in logical order. It clearly appears that between the time of the appraisement of the real estate and the date of the second sale valuable improvements had been made to the property which value inured to the benefit of the purchaser. Much of this value to the real estate had accrued prior to the second order of sale and could have been considered by a reappraisal of the real estate.

The court in ruling upon the first motion of Schmidt to require the plaintiff to accept the property in full of its judgment against the Schmidts or in the alternative to fix an upset price was overruled by the court upon the theory that the proceedings incident to appraisal and sale of real estate in foreclosure were statutory and that the statute contemplates that at public sale the property must be sold at two-thirds of its appraised value if no greater sum is offered. After the sale, however, upon filing of the same motion by Schmidt, the court reconsidered and largely upon the authority of Buckeye Building and Loan Co. v Sachs, an unreported case from Cuyahoga Common Pleas Court, opinion therein by Judge Harris, sustained the second branch of the motion, took testimony, fixed the true value of the real estate at $60,-000.00 and refused to confirm the sale unless as a condition precedent to the confirmation of the sale, plaintiff credit the judgment against defendant with the amount which would have been credited had the property sold for its real value of $60,000.00. Thereafter in an opinion upon the exceptions of counsel for Schmidt to the order of distribution, the court took the view that inasmuch as the statute providing that a sale shall not be had for less than two-thirds of the appraised value of the property, the appraisal did not bind the court to confirm the sale where the bid was but two-thirds of the appraisement, if grossly below the value of the property; that the action taken by the court was tantamount to a new order of sale and that it was only equitable that the items to which objection was made by counsel for Schmidt in the order of distribution should be paid out of the total purchase price which aggregated the sum of $60,000.00.

We do not have before us any question touching the right or authority of the trial court to sustain the motion of Schmidt to take testimony touching the real value of the property theretofore sold under the order of sale, nor to order that as a requisite to confirmation an additional credit of $20,000.00 be allowed the Schmidts over and above the purchase price at which the Insurance Company bid in the property because the journal entry recites that such action was taken by and with the mutual consent of the parties. If we grant that the court had the power to do that which in the written opinion he had indicated a purpose to do, we would readily concede that it was done as a chancellor and he would likewise have full equity power to require as a condition precedent to the required payment of $20,000.00 more purchase price, that the items to which objection is now made by the Schmidts be first paid out of the $20,000.00.

Both parties claim, and the Schmidts make it a separate assignment of error, that the statement showing mutual agreement of the parties respecting the $20,000.00 additional sum to be credited upon the judgment is not in accord with the order of the court.

Eminent counsel in this case know that upon the state of this record we are without power to change the "mutual agreement" recitation of the journal entry of distribution. Had that been made the subject of special objection and exception and the facts upon which the court acted exemplified by a record we could, if proper showing were made, correct the entry.

We recognize that the entry of distribution and recitation therein is contrary to the course of conduct followed by the parties and the court as disclosed in the written opinions. We are without power, upon the state of this record, to change the entry reciting a mutual agreement of the parties. If this is to be done it will have to be done in the court of origin of the entry.

We must assume that the $20,000.00 additional was paid in accord with the terms of the entry. Inasmuch as the entry clearly treats the $40,000.00 as the purchase price, makes a finding of priority of liens and order of distribution therefrom, to which action exception was noted by counsel for the Schmidts, only, we must test this action in the light of the authority of the court to so order. So doing we are required to say that in all particulars to which the first six grounds of the petition in error is directed, the order was unauthorized and must be reversed. The cause will therefore

be remanded to the trial court for further proceedings according to law.

BARNES. PJ, and BODEY, J, concur.