**VALMONT CREDIT CORPORATION, Plaintiff and Appellant,**

v.

**W.T. McILRAVY, Marion McIlravy, Louis J. Van Roekel, and Carol Van Roekel, d/b/a McVan Farm & Ranch, Defendants and Appellees.**

**No. 14792.**

Supreme Court of South Dakota.

Considered on Briefs May 23, 1985.

Decided July 31, 1985.

Brent A. Wilbur of May, Adam, Gerdes & Thompson, Pierre, for plaintiff and appellant; Mark F. Enenbach of McGrath, North, O'Malley & Kratz, Omaha, Neb., on the brief.

Robert C. Riter, Jr. of Riter, Mayer, Hofer & Riter and William J. Srstka and Richard Tieszen of Duncan, Olinger, Srstka, Lovald & Robbennolt, Pierre, for defendants and appellees.

WUEST, Acting Justice.

This is an appeal from an order granting a motion that appellant's judgment be deemed satisfied and denying appellant interest on its judgment from the date of appellant's purchase of real property sold to satisfy the judgment until the expiration of the redemption period on said property. We affirm.

Valmont Credit Corporation (appellant) obtained a judgment against W.T. McIlravy, Marion McIlravy, Louis J. Van Roekel, and Carol Van Roekel, doing business as McVan Farm & Ranch (appellees). The judgment related to a default by appellees, under the terms of a security agreement for the purchase of irrigation equipment. The judgment was appealed to this court in *Valmont Credit Corp. v. McIlravy*, 344 N.W.2d 691 (S.D.1984), wherein we affirmed the trial court's decision.

After the sale of the irrigation equipment, there remained a deficiency on the judgment of approximately $325,000. To satisfy the deficiency, certain parcels of appellees' real property were levied upon, and on December 23, 1983, the property was sold at an execution sale to appellant for the amount of the deficiency, plus interest and costs to the date of judgment. Thereafter, the trial court entered an order reciting that appellant's judgment was fully satisfied. The court, however, did not award appellant interest on its judgment during the period of redemption on the real property. On appeal, appellant contends that it was entitled to interest on the judgment from the time it purchased the property until expiration of the redemption sale.

The issue before this court is one of first impression in South Dakota. Appellant argues that as a judgment creditor, who purchased real property sold to satisfy the judgment in question, it should be treated differently than other purchasers at such sales because it will not receive any money in the transaction nor will it gain full legal title to the property until the sheriff's deed conveying the property is delivered at the end of the redemption period. Thus, appellant urges that the judgment remains unsatisfied, and that it is entitled to interest, pursuant to SDCL 54-3-5.1, which provided prior to its amendment on July 1, 1984:

Interest is payable on all judgments and statutory liens, exclusive of real estate mortgages and security agreements under Title 57A, at the rate of fifteen percent per year from and after the date of judgment and date of filing statutory lien.

We disagree. As the trial court duly noted in its memorandum decision:

SDCL 54-3-5.1 allows interest '... from and after the date of judgment....' It logically follows that the accrual of interest would stop when the judgment debtor has fulfilled his obligation as created by the judgment.

Contained within the record in the instant case is the Sheriff's Return of Sale. That return clearly shows that there was no surplus or deficiency owing after the purchase of the property at the execution sale. SDCL 15-16-7 requires the clerk of courts to indicate a satisfaction when the sheriff makes a return of execution. This was done. SDCL 15-16-15 provides that one method of cancelling a judgment is by "execution returned satisfied[.]" The Haakon County Sheriff's Return of Sale shows that the entire amount of the judgment, plus interest and costs, was realized from the sale. The sheriff's return also shows that

the execution was satisfied, which cancels the judgment.

There is no reason to distinguish between a third-party purchaser at a foreclosure sale and a judgment creditor who bids in the total amount of the judgment. In either instance, the judgment is satisfied because the execution sale is terminated when the amount realized is sufficient to "satisfy the judgment," SDCL 15–19–16, and because the monies received at the sale must be paid to the creditor to satisfy the judgment, SDCL 15–18–38 to –42. Because the judgment is satisfied when the money received from the sale is paid, regardless of whether the money is first received from the judgment creditor or a third party, no unsatisfied judgment exists upon which interest should be paid.

Dicta in several South Dakota cases supports this position. "Upon the sale, the mortgage debt, to the extent of the proceeds of the sale applicable to its payment, is wiped out, and ceases to exist." *State v. McGee*, 38 S.D. 257, 263, 160 N.W. 1009, 1010 (1917). In *State v. Tuttle*, 51 S.D. 596, 601, 216 N.W. 194, 196 (1927), this court relied on the California Supreme Court when it commented on the interest of a purchaser of the mortgaged property at an execution sale; the purchaser's interest is more than a lien because the lien that was created by the judgment of foreclosure "has already been satisfied by the sale, to the extent of the amount bid and paid by the purchaser." In *Harkness v. Althen*, 56 S.D. 328, 228 N.W. 397 (1929), the court also commented in dicta that the judgment creditor's bid at an execution sale conducted by advertisement was intended to cancel the indebtedness due on a mortgage. Most recently, in *American Fed. Sav. & Loan Ass'n, Etc. v. Kass*, 320 N.W.2d 800 (S.D. 1982), this court held that a mortgagee who obtains a judgment of foreclosure, which includes, in part, a deficiency judgment, is not entitled to interest on the whole of the judgment but is only entitled to the statutory rate on judgments, SDCL 54–3–5.1, on that portion of the judgment representing the deficiency. This court reasoned that "the foreclosure of the mortgage and the sale of the mortgaged property extinguished the real estate mortgage[.]'" 320 N.W.2d at 804. *See also* G. Thompson, *Real Property* § 4814 fns. 64, 68, and 73. Because the judgment of foreclosure is fully satisfied by a bid and purchase at the execution sale sufficient to pay the judgment, it follows that there is no judgment upon which interest can accrue.

Some South Dakota statutes also support the proposition that a mortgage debt is cancelled and the judgment of foreclosure is satisfied when the proceeds of the execution sale are sufficient to pay the debt, regardless of whether a third party or the judgment creditor bids and pays the amount.

SDCL 21–47–17 provides:

Except as provided by § 21–47–16, [procedure for bidding less than fair market value and obtaining deficiency] a foreclosure by action of a mortgage upon real estate operates as a complete extinguishment, satisfaction and payment of the debt secured by the mortgage. However, a foreclosure may not be considered to be satisfaction of an assignment of rents agreement under the mortgage.

and SDCL 21–47–19 provides:

When the proceeds of sale are sufficient to pay the costs and disbursements and the entire debt adjudged to be due, the officer or person making the sale, or the clerk of the court, shall cancel the note, bond, mortgage, or other evidences of the debt upon which the judgment is founded, by a plain and legible notation on the face thereof, and such note or evidences shall be attached to and filed with the return upon the execution; when the proceeds are insufficient for that purpose, the amount applied on the debt shall be endorsed on such note or other evidences, with the date of the application, by the officer or person making the sale, or by the clerk of the court, and such note or other evidences, so endorsed, shall be attached to and made a part of the return on the execution.

Under these statutes, the judgment of foreclosure is satisfied by the payment of the proceeds at the sale. Hence, there is no judgment upon which interest can accrue during the period of redemption.

The decisions of other states support the contention that no interest accrues on a judgment of foreclosure after a sheriff's sale. The rule in cases of sheriffs' sales is that interest on liens discharged thereby ceases on the date of sale. *See Roos v. Fairy Silk Mills*, 342 Pa. 81, 19 A.2d 137 (1941) (a receivership proceeding where mortgaged property was sold by an order which approved an agreement of sale, the mortgagee was entitled to interest only until date of the last payment according to the agreement and not until date of decree of distribution in the receivership proceeding). A mortgagee who purchases the mortgaged property at a sheriff's sale is entitled to interest on its lien only up to the date of the sheriff's sale. *Union Trust Co. v. Cleveland Allotment Co.*, 35 Ohio App. 549, 172 N.E. 672 (1929). *Union Trust* refused to apply any special rule allowing interest until the date of the sheriff's deed to be given the judgment creditor who purchased at the sale. Instead, the court applied the general rule that, where property is sold at a sheriff's sale, interest on liens is allowed to the date of the sale only. The reason given was that a senior lienholder could delay taking its sheriff's deed and cause interest to accrue which could deeply reduce a junior lienholder's lien. *Cf.* SDCL 21–47–24 (requiring the sheriff to deliver a deed one year after sale).

We believe that there is no reason to distinguish between a judgment creditor, who purchases property sold to satisfy the judgment, and other purchases of property at such sales in this instance. The judgment was duly satisfied when the property was purchased for the remaining amount of the judgment; and, thus, there was no judgment from which to collect interest during the period of redemption.

Accordingly, the trial court is affirmed.

All the Justices concur.