ABEL GUY, Appellant, v. JOHN MIDDLETON and HENRY HAIGHT, and others, Respondents.

The statute allowing a redemption of property sold at judicial sales, contemplates that the possession shall not change to the purchaser until the expiration of the time limited for redemption.

The section of the Act allowing to the purchaser the value of the use and occupation, affords the only remedy the purchaser is entitled to.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The facts material to the points decided appear in the opinion of the Court.

*Saunders & Hepburn* for Appellant.

*Haights & Gary*, for Respondents.

No briefs on file.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

In this cause, Guy, owning notes secured by a mortgage against respondents, brings suit and forecloses his mortgage, and upon the sale of the premises, becomes the purchaser.

The Sheriff having issued his certificate, as required by law, to the purchaser, Guy, before the expiration of the time allowed by law for a redemption of the property, files his petition, praying to be placed in possession of the premises.

The statute of this State, allowing a redemption of real property sold at judicial sales, plainly contemplates that the possession shall not change to the purchaser until the expiration of the time prescribed as a limit to the redemption. Section 235 of Compiled Laws, page 563, provides that, " until the expiration of the time allowed for redemption, the Court may restrain the commission of waste on the property; and, also, under the same section, " but it shall not be deemed waste for the person in possession of the property at the time of the sale, or

entitled to possession afterwards, during the period allowed for redemption, to continue to use it in the same manner in which it was previously used." This section most clearly contemplates an adverse possession to the purchaser until the time has expired for redemption. The succeeding section of the Act allowing to the purchaser the value of the use and occupation, affords the only remedy he is entitled to.

The judgment below is affirmed, and the petition is dismissed, at the costs of the petitioner.