(December 12, 1893.)

## CANTWELL v. McPHERSON, ADMINISTRATOR.

[34 Pac. 1095.]

RULES OF THE COURT—CONSTRUCTION OF PLEADINGS.—Rule 6 of the rules of this court requires the parties to prepare printed briefs of the points and authorities relied upon, and in citing cases from published reports requires the names of the parties as they appear in the title of the case, as well as the book and page to be given.  The rule of liberal construction of the allegations of pleadings when determining their effect prevails in this state.

REVIVAL OF JUDGMENT—EXECUTION.—Under section 4496 of the Revised Statutes the purchaser of real estate at execution sale is not entitled to possession thereof until the period of redemption has expired.  A proceeding to revive an original judgment under the provision of section 4498 of the Revised Statutes of 1887, which declares that if the purchaser of real estate sold on execution fails to recover possession thereof "in consequence of some irregularity in the proceedings concerning the sale," does not accrue until the period of redemption has expired.

SAME.—A proceeding to revive an original judgment under the provision of section 4498 of the Revised Statutes of 1887, which declares that if the purchaser of real property sold on execution fails to recover possession thereof, "because the property sold was not subject to execution and sale," does not accrue until that fact is known to the purchaser.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

R. P. Quarles, for Appellant.

The first question raised on this appeal conclusively determines the action in favor of the appellant; the judgment in

this cause is not supported by the pleadings and findings of fact. The judgment-roll in this action shows the cause of action was barred by our statute of limitations, section 4054, before the commencement of this action. Every presumption is against the pleader. He is presumed to have stated his case as strongly as it could be stated in his own favor. (*Green v. Covillaud,* 10 Cal. 317, 70 Am. Dec. 725; *Landers v. Bolton,* 26 Cal. 393, *Marriner v. Smith,* 27 Cal. 649; *Seale v. Ford,* 29 Cal. 104; *McCormick v. Tuolumne,* 37 Cal. 257; *Campbell v. Jones,* 38 Cal. 507.) If Wallace had any title at all it was an equitable one, but this court has decided he had none. If he did have an equitable title, the rule of *caveat emptor* applies. (*Shirras v. Craig,* 7 Cranch, 35; Freeman on Executions, sec. 335; *Boggs v. Fowler,* 16 Cal. 560, 76 Am. Dec. 561; *Cromwell v. Hull,* 97 N. Y. 210; *Vattier v. Hinde,* 7 Pet. 252.) His cause of action accrued more than three years prior to filing his notice and petition. He could have sued the day of the sale complained of. The statute commenced to run on that day. (*Pridgeon v. Greathouse,* 1 Idaho, 359; *Presbrey v. Williams,* 15 Mass. 193; 13 Am. & Eng. Ency. of Law. 720; Buswell on Limitation and Adverse Possession, sec. 27; *Bruce v. Tilson,* 25 N. Y. 194; *Northrop v. Hill,* 57 N. Y. 351, 15 Am. Rep. 501; *McMullen v. Rafferty,* 89 N. Y. 456.)

Hawley & Reeves, T. M. Stewart and Stewart & Deitrich, for Respondent.

This action is brought to enforce a liability created by statute. (Rev. Stats., sec. 4498.) The defense is that it is barred by the statute of limitations. The question of appeal is, When, under the pleadings, did the cause of action arise? No evidence appears in the transcript. Every presumption is in favor of the validity of the findings and judgment. We accept the issue of law tendered by appellant. Did the court err in not sustaining the plea of statute of limitations? The answer recognizes the action as one to enforce a liability created by statute. It also recognizes a possible element of fraud or mistake. The limitation for such action is set by the Revised Statutes, section 4054, subdivisions 1–4. Defendant so understands, and accordingly, as essential to the success of that plea, alleges: "That

the cause of action . . . . . arose on the fourteenth day of August, 1889, more than three years before filing of petition." This is alleged as a fact. Such allegations are held to be allegations of fact. (*Zelin v. Rogers,* 3 N. C. 471; *Caulfield v. Sanders,* 17 Cal. 572; Boone on Code Pleading, 1, 69.) The negative of this allegation the court found as a fact. Properly, it would seem, unless a fair construction of the petition regardless of the evidence, compels the affirmative instead of negative conclusion. (Rev. Stats., sec. 4207.) When, therefore, under the law, did the cause of action as set out in the petition, arise? Easy answer will be found by reading the petition under the guidance of the statute creating the liability, to wit (Rev. Stats. sec. 4498): "If the purchaser fail to recover possession because the property sold was not subject to execution and sale." The right of revival arises out of failure to recover possession. The sale occurred August, 14, 1886. Deed of sheriff was executed February 15, 1887, at expiration of period of redemption. (Rev. Stats., sec. 4492.) Right of possession under the sale accrued February 15, 1887. (Rev. Stats., sec. 4496; *Duprey v. Moran,* 4 Cal. 196; *Guy v. Middleton,* 5 Cal. 391; *Shirk v. Thomas,* 121 Ind. 147, 16 Am. St. Rep. 383, 22 N. E. 976.) Failure to recover possession could not antedate right to recover possession. Right of action did not accrue before February 15, 1887. This may also be regarded as an action for relief on the ground of fraud or mistake. In such case the cause of action is not to be deemed to have accrued until the discovery. (Rev. Stats., sec. 4054, subd. 4.) In that case, it accrued April 24, 1889. In either case, it did not arise August 14, 1886; and the finding and holding of the court are fully warranted.

SULLIVAN, J.—This is an application to revive a judgment. The proceeding was commenced in the court below by petition on the eighteenth day of September, 1889, and alleges as a ground for such revival that the petitioner failed to get title to the land sold in satisfaction of said judgment, or to get possession thereof. To this petition a demurrer was filed, on the ground that the petition did not state facts sufficient to state a cause of action, which demurrer was sustained by the court, and judgment of dismissal duly entered. Thereafter an appeal

was taken to a former term of this court, and the judgment of the district court reversed. (For opinion, see ante, p. 321, 29 Pac. 102.) The facts of the case are fully set forth in that opinion, and will not be repeated here. The defendant thereafter answered the petition, and the cause was tried by the district court, and a judgment of revival duly entered, from which judgment this appeal is taken. The appellant specifies five errors of law and all are included in one, to wit: The court erred "in not sustaining the plea of the statute of limitations in behalf of the defendant."

Appellant contends that the allegations of the petition in this case must be most strongly construed against the petitioner, and, if so construed, contends that the petition does not state facts sufficient to warrant the revival of said judgment, and cites a number of cases from the supreme court of California as maintaining the rule of construction contended for. The titles of the cases cited are not given in the brief, and in that respect it fails to comply with rule 6 of the rules of this court. (32 Pac. vi.) Said rule requires the names of parties as they appear in the titles of the cases, as well as number of the volume and page, to be given. It is expected that attorneys will comply with said rule in the citation of authorities and the preparation of briefs. The rule for the construction of pleadings as laid down in the authorities cited is not the rule that obtains in this state. Section 4207 of the Revised Statutes provides that in the construction of a pleading for the purpose of determining its effect its allegations must be liberally construed with a view to substantial justice between the parties. The pleading in this case clearly shows that this cause is not within the statute of limitations. This proceeding was brought under section 4498 of the Revised Statutes of 1887, and the part of said section applicable to this case is as follows: "If the purchaser of property at sheriff's sale, or his successor in interest, fail to recover possession in consequence of irregularity in the proceedings concerning the sale, or because the property sold was not subject to execution and sale, the court having jurisdiction thereof must, after notice and on motion of such party in interest, or his attorney, revive the original judg-

ment in the name of the petitioner for the amount paid by such purchaser at the sale." It is conceded by both appellant and respondent that the limitation for this action is fixed by section 4054 of the Revised Statutes of 1887, and is three years.

The controlling question in this case is, When did the cause of this proceeding arise? This question must be determined on the judgment-roll, which contains neither a statement nor a bill of exceptions. There is no dispute as to the date of the sheriff's sale of the real estate described in the petition, which is August 14, 1886; and there is no dispute as to the fact that the purchaser of said real estate at said sale was entitled to a sheriff's deed therefor at the expiration of six months after said sale, and that such deed was duly executed on the fifteenth day of February, 1889. The appellant contends that the cause of action arose on August 14, 1886, the date of said sheriff's sale, and that this proceeding was not commenced until over three years thereafter, to wit, on September 18, 1889, and therefore was barred by the statute of limitations; while the respondent contends that the cause of action did not arise prior to February 15, 1887, the date of said sheriff's deed, and for that reason does not come within the provisions of the statute of limitations. Section 4496 of the Revised Statutes of 1887 provides, among other things, as follows: "Until the expiration of the time allowed for redemption the court may restrain the commission of waste on the property, by order granted with or without notice, on the application of the purchaser or the judgment creditor. But it shall not be deemed waste for the person in possession of the property at the time of the sale or entitled to possession afterward during the period allowed for the time of redemption to continue to use it in the same manner in which it was previously used." This section was adopted by Idaho from the statutes of California, and as early as 1854 the supreme court of that state construed said section, in *Duprey v. Moran,* 4 Cal. 196. That was a suit in ejectment by the holder of a sheriff's certificate of sale to recover possession of real estate before the period for redemption had expired. The court held that the suit was prematurely begun. *Guy v. Middleton,* 5 Cal. 392, holds that said section of the statute allowing redemption of the property sold

at judicial sales contemplates that the possession shall not change to the purchaser until the time for redemption has expired. (See, also, *Shirk v. Thomas,* 121 Ind. 147, 16 Am. St. Rep. 383, 22 N. E. 976; *Bodine v. Moore,* 18 N. Y. 347; *Bowman v. People,* 82 Ill. 246, 25 Am. Rep. 316.) It is not contemplated by the statute that the purchaser at a sale of real estate under execution acquires title to the land so purchased, or that he is entitled to possession, until the time for redemption has expired. Under the sheriff's sale the respondent in the action was not entitled to possession of said real estate until the execution of said sheriff's deed, on the fifteenth day of February, 1887. Section 4498, *supra,* declares that if the purchaser of property at sheriff's sale fails to recover possession thereof in consequence of some irregularity in the proceedings concerning the sale, or because the property sold was not subject to execution and sale, the original judgment may be revived. The purchaser of real estate at sheriff's sale is not entitled to possession thereof until the time for redemption has expired, and a sheriff's deed executed therefor. And an action, under section 4498 of the Revised Statutes, for the revival of an original judgment on the ground of "some irregularity in the proceedings concerning the sale" does not accrue until the period for redemption has expired, and a sheriff's deed executed for such land. The statute of limitations does not begin to run until such time has expired, and a deed executed. In this case it is not claimed that respondent failed to get possession in consequence of any irregularity in the proceedings concerning the sale, but it is claimed that he failed to get possession because said land was not "subject to execution and sale." The record shows that one Wallace entered said land under the desert land laws of Congress, made final proof and payment, and received a final receipt or certificate therefor; that thereafter one Samuel E. Rippey, on the eighteenth day of June, 1886, began a contest against said entry, and that such contest was pending until the twenty-fourth day of April, 1889, on which date said contest was decided by the commissioner of the general land office of the United States in favor of said contestant, and thereupon the said entry of Wallace was canceled, and said land became a part of the pub-

lic domain of the United States. Until said decision was made
it was not known that said land was not "subject to execution
and sale," for if the decision had sustained Wallace's entry, in-
stead of canceling it, said land would have been subject to sale
on execution, and no cause for the revival of the original judg-
ment would have accrued. As the cause for revival did not
accrue until said entry was canceled, the statute of limitations
did not begin to run until that event occurred. This proceed-
ing was begun on the eighteenth day of September, 1889, less
than five months after the cause for a revival of the original
judgment had accrued, and was not barred by the statute of
limitations. The judgment of the court below is affirmed, with
costs of this appeal in favor of respondent.

Huston, C. J., concurs.

Morgan, J., having been counsel for respondent in the court
below, took no part in the hearing and decision of this case.