(May 11, 1904.)

## RAUH v. OLIVER.

[77 Pac. 20.]

DEMURRER—REVIEW ON APPEAL—PLEADING—TECHNICALITIES—NONSUIT
—JUDGMENT OF DISMISSAL.

1. The action of the court in overruling defendant's demurrer to a complaint cannot be reviewed on an appeal taken by the plaintiff.

2. Under the provisions of our Code of Civil Procedure, the technicalities of pleading (under the common law) have been dispensed with, and the plaintiff need only state his cause of action in ordinary and concise language, whether it be in *assumpsit,* trespass or ejectment, without regard to the ancient forms of pleading, and the plaintiff can be sent out of court only when upon his facts he is entitled to no relief, either at law or in equity.

3. Under the provisions of subdivision 5 of section 4354 of the Revised Statutes, it is error for the court to grant a nonsuit before the plaintiff has introduced his evidence or offered to do so and rested.

(Syllabus by the court.)

APPEAL from District Court of Idaho County. Honorable Edgar C. Steele, Judge.

Action to recover for services on a mail contract. Judgment for defendant. Reversed.

The facts are stated in the opinion.

James De Haven, Clay McNamee and D. W. Bailey, for Appellant.

The demurrer to the third, fourth and fifth separate defenses should have been sustained. (*Fidelity Nat. Bank of Spokane v. Henley,* 24 Wash. 1, 63 Pac. 1119; *Bradley v. Root,* 5 Paige (N. Y.), 632.) While the testimony of the appellant to the effect that he was employed by the respondent was probably not correct, according to the commonly accepted meaning of the word "employed," it was still within the allegations of the complaint. And even if there had been a variance between the allegations and the proof, that was no ground for a dismissal, as the complaint may be amended to conform to the proof. (Rev. Stats. 1887, sec. 4226; *Murray v. Meade,* 5 Wash. 693, 32 Pac. 780.) On a motion for a nonsuit, the court is bound to give the evidence the most favorable construction for the plaintiff that it will possibly bear. (*Imhoff v. Chicago etc. R. Co.,* 22 Wis. 684; 6 Ency. of Pl. & Pr., p. 943, and notes.) Respondent's contention, which runs all through this case, that money due from United States cannot be assigned, is not true as a matter of law, as applied to the admitted facts in this case.

(*Hobbs v. McLean,* 117 U. S. 567, 6 Sup. Ct. Rep. 870, 29 L. ed. 940. See, also, *Farmers' Nat. Bank v. Robinson,* 59 Kan. 777, 53 Pac. 762.)

A. S. Hardy and Fogg & Nugent, for Respondent.

The judgment in this case is a judgment of nonsuit, and as appellant failed in proving his own case, the question of the sufficiency of the allegations of these separate defenses is entirely immateral and cannot be considered on this appeal. The ruling does not affect the judgment. (Rev. Stats. 1887, sec. 4824.) To the effect that the defendant's answer and questions affecting the same cannot be considered on nonsuit, they do not affect the judgment. (*Sayward v. Carlson,* 1 Wash. 29, 23 Pac. 830; *Rensberger v. Britton,* 31 Colo. 79, 71 Pac. 380.) A party should be bound by the allegations of his pleadings, deliberately made, and should not be allowed to obtain benefits from contradictory and inconsistent allegations therein. (*Losch v. Pickett,* 36 Kan. 216, 12 Pac. 822.) The law may recognize the common counts as suggested (and we do not think that under our system even that should have been permitted); but it certainly does not permit any such jumble of causes of action as attempted to be set up here—for labor performed, for money advanced to a third party entirely, for an alleged assignment, etc. (*Buckingham v. Waters,* 14 Cal. 147; *Watson v. Railway Co.,* 41 Cal. 19; *Cosgrove v. Fisk,* 90 Cal. 75, 27 Pac. 56; *Lamb v. Howbaugh,* 105 Cal. 680, 39 Pac. 56 (57).) And the complaint is also ambiguous, and as the point was raised on demurrer, it should not have been permitted to stand. (*Crow v. Hildreth,* 39 Cal. 618.) The only allegations of the complaint which can be construed as alleging a contract of hiring at all are at variance both with the opening statement and with the evidence introduced as well as that offered. These variances are fatal. (*McCord v. Seale,* 56 Cal. 262; *Morrison v. Bradley, Berden & Co.,* 5 Cal. 503; *Cotes v. Campbell,* 3 Cal. 192; *Johnson v. Moss,* 45 Cal. 515.) Appellant's third specification assigns as error the ruling of the court granting a nonsuit. This is the most material assignment to be considered, and the only point in the case. Plaintiff in his complaint at folio 5 alleges

that the defendant "then and there promised and agreed to pay to said A. G. Smith and to his employee the sum of ———." This promise made to Smith could not be enforced against the defendant by any one of the employees of Smith. (*Chung Kee v. Davidson,* 73 Cal. 522, 15 Pac. 100; *Commercial Nat. Bank v. Portland,* 37 Or. 33, 60 Pac. 563.) If plaintiff's complaint be tested by the theory on which he has elected to try the case and what he states it to be in the opening pages of his brief, it states no cause of action and the nonsuit is proper. (*Richards v. Lake View Land Co.,* 115 Cal. 642, 47 Pac. 683; *Brown v. Lapham,* 22 Colo. 264, 44 Pac. 504; *Posten v. Denver Con. Tram. Co.,* 11 Colo. App. 187, 53 Pac. 391; *Vincent v. City of Pacific Grove,* 102 Cal. 405, 36 Pac. 773.)

SULLIVAN, C. J.—This is an action to recover for carrying United States mail from Mt. Idaho to Florence, Idaho. It is alleged in the complaint that in December, 1898, one Holsclaw entered into a contract with the United States, wherein he contracted to carry the United States mail between Grangeville, Idaho, and Florence, Idaho, as a subcontractor, under what was known as the Underwood mail contract, and that the respondent Oliver was one of said Holsclaw's sureties for the faithful performance of the duties imposed by said contract; that in August, 1899, said Holsclaw failed to comply with the conditions of said contract and ceased to carry said mail on said route, and that the defendant Oliver, as one of the sureties aforesaid, assumed the duties and conditions of said contract and carried said mail from about August 1, 1899, to December 19, 1899; that on or about the last-named date respondent Oliver, as surety, as aforesaid, employed one A. G. Smith to carry said mail and agreed to pay said Smith and his employees for such services the sum of $2,200 per year, payable quarterly, and to pay the same out of the money received by him from the United States in payment for such services and expenses; that immediately after making said contract and agreement said Smith and plaintiff, relying on said promise, entered upon the duties of said contract and began carrying said mail, and did carry, the same for ninety-two days, and that during said time, and at the request of Smith, this appellant paid for and on account of

expenses of said mail route the sum of $175 in order to enable Smith to fill said contract; that said work and labor was reasonably worth, and the said Smith and said Oliver agreed to pay therefor, the sum of $185, and on the ninth day of April, 1900, said Smith assigned to plaintiff $360 of the money due on said contract in two written instruments, which instruments are set forth in the complaint; that on or about the tenth day of July the said Oliver received from the United States in payment for carrying said mail on said route, from December 19, 1899, to April 6, 1900, the sum of $550, and that $360 thereof was received to and for the use of plaintiff and belonged to plaintiff, and is now due him in payment for services rendered and money paid for expenses as hereinbefore alleged; that on or about the sixth day of April, 1900, and at divers times thereafter, plaintiff demanded payment of said sum from the defendant, and that on or about December 14, 1900, the defendant promised and agreed to pay the same in full; that Smith is now insolvent and has been since September, 1900, and has resided outside of the state of Idaho.   Then follows the prayer for judgment against the defendant for the sum of $300 and costs of the action, and plaintiff waives any further sum due from the defendant.   The waiver was made in order to bring the amount sued for within the jurisdiction of the justice's court where this suit was first instituted.

To this complaint the respondent interposed a demurrer on numerous grounds, which demurrer was overruled by the court, and as no appeal was taken from the order overruling the demurrer, the action of the court therein cannot be reviewed on this appeal.   It appears from the record that said complaint was the second amended complaint filed in said action.   After the overruling of said demurrer the defendant answered, denying generally each and every allegation contained in the complaint and set up four separate defenses.   As a second defense the appellant alleges that he received from said Holsclaw on or about July 10, 1900, on account of the mail contract mentioned in plaintiff's complaint, the sum of $427.50; that he received no other or greater sum; that on or about December 19, 1899, said Smith contracted with the defendant to furnish him with

hay and grain to be used by him on the mail route mentioned in said complaint, and also hired from defendant horses to be used on said route, and agreed to pay the defendant the reasonable worth and value of said hay and grain as defendant should from time to time furnish him, and also the reasonable use and value of the services of said horses, and that said Smith agreed with defendant that he might and should retain the full value of said hay and grain and said horse hire for any amount that might become due Smith for services upon said mail contract, and deduct the same from any money that might come into the defendant's hands from the United States government from said contract, and it is alleged that under said contract he furnished Smith hay and grain of the value of $272, and horse hire of the value of $90, and hack hire of the value of $155, which hack was furnished said Smith by said Holsclaw, and that said Smith agreed to pay said Holsclaw said sum and authorized the defendant to pay it out of any money received on said mail contract, which sum defendant had paid.

For a third defense defendant sets up the claim of one Schwalbach of $250 against said Smith, and alleges the assignment thereof to the defendant, and for a fourth defense the defendant sets up an assigned claim of one Pfeufer against said Smith of $32. For a fifth and separate defense he sets up an assigned claim from one McKee against said Smith for the sum of $35.60. To the third, fourth and fifth separate defenses plaintiff demurred on the grounds that said defenses did not constitute a defense or counterclaim to the plaintiff's cause of action. Said demurrer was overruled. On the issues thus made a jury was impaneled to try said cause, and before plaintiff had introduced his evidence and rested, on a motion of counsel for respondent a judgment of nonsuit and dismissal was entered. The appeal is from the judgment.

Several errors are assigned on which a reversal of the judgment is asked. The first we will consider is that the court erred in overruling the demurrer to the third, fourth and fifth separate defenses. Those defenses are based on assignments of claims against said Smith, who is not a party to this action, and under the allegations of the complaint cannot be set up as

a defense against the cause of action stated in the complaint. For that reason the court erred in overruling the said demurrer.

Considerable has been said in the argument of this case as to what kind of an action this is. It is contended that in plaintiff's opening statement to the jury counsel took the position that the action was for money had and received, and that the appellant in his complaint and in his brief has hopelessly jumbled his causes of action and his ideas of the relief he is entitled to and of the grounds and means of securing a relief. While we must admit that the complaint is not one that should be taken as a model, yet we think under the provisions of section 4168, subdivision 2, the complaint is sufficient. Said subdivision provides that the complaint must contain a statement of the facts constituting the cause of action in ordinary and concise language. Section 4020, Revised Statutes, provides that there is but one form of civil actions for the enforcement or protection of private rights and the redress or prevention of private wrongs. Under the provisions of our code, the technicalities of pleading have been dispensed with and the plaintiff need only state his cause of action in ordinary and concise language, whether it be in *assumpsit,* trespass or ejectment, without regard to the ancient forms of pleading, and the plaintiff can be sent out of court only when upon his facts he is entitled to no relief either at law or in equity. (See note to section 307, Code of Civil Procedure of California; Pomeroy's Remedies, sec. 65 et seq.) We are clearly of the opinion that the complaint states a cause of action.

Counsel assigns as error the action of the court in granting a nonsuit and entering judgment of dismissal. It appears from the transcript that after the jury was impaneled the plaintiff introduced certain evidence. The defendant was sworn on behalf of the plaintiff, and testified, among other things, that he was a bondsman or surety for said Holsclaw, and that the defendant carried the mail something over about two months— November and December, 1899. The appellant was sworn as a witness in his own behalf and testified that he carried said mail; that he was at Oliver's house in Grangeville and had an

understanding with him in regard to this mail, and that said Smith was present; that the defendant "inquired into about how able they were to carry the mail," whether they could fulfill the contract, and that "Mr. Oliver proved our sayings and proved that we were able to do the carrying of the mail," and that Oliver agreed to pay them $2,200 per year for carrying the mail, and to pay every three months, and they then went to the postoffice and were sworn in, went on the line, and he agreed that plaintiff should get his pay out of the first quarterly pay, and "that Smith should get his pay and the mail should be carried on and it should be paid the next quarter the same way." At this point in the examination the court suggested that that evidence showed that the contract was made with Oliver and Smith, and that the evidence proved a contract between Oliver and two other persons to carry the mail. Thereupon the witness testified that the defendant employed him to carry this mail on this mail route from Grangeville to Florence, Idaho. Thereupon the court said: "I can't go any farther with this case; no use to proceed." Thereupon the witness was asked the following question: "What did you do, Mr. Rauh, from the 19th of December until the following April 6th on the mail route, if anything?" Mr. Nugent: "We object; that is immaterial and a class of evidence that cannot become material because sought to be based upon a contract which they are not entitled to prove under the allegations of the complaint." The objection was sustained.

Counsel for plaintiff then offered to prove that plaintiff worked on the mail route between Grangeville and Florence, and that A. G. Smith and the defendant agreed to pay him for such work and labor the sum of $185; that plaintiff paid for and on account of expenses on said route, $175; that he received vouchers or due-bills from said Smith for that amount aggregating $360, and that after receiving these due-bills or vouchers the defendant agreed to pay them as soon as he received the pay from the government of the United States for the work performed; that defendant afterward received $550, and that $360 of it was due plaintiff by reason of his ninety-two days' labor and $175 paid out in cash for expenses on the route, and that no part of said sum had been paid, and that when pay-

ment had been demanded the defendant denied that he had received the $550, and when shown letters from the United States postoffice department he then admitted that he had received the money and said he would pay plaintiff's claim in full, and offered to prove other matters in connection therewith, to which offer counsel for defendant interposed an objection. The court thereupon said: "There is no way under the complaint you can get this proof in; this is a contract between Smith and Oliver, and this contract now shown is between Rauh, Oliver and Smith. The court will have to pass on this offer; the contract has been proven." Thereupon counsel for the plaintiff offered to prove other facts which it is not necessary to state here. The court thereupon said: "I don't see how you can introduce the testimony; I don't see how the court could try the case upon this complaint for money had and received. In this case a nonsuit will be entered." Exception was thereupon taken by counsel for the plaintiff. Counsel for the respondent then suggested that he would like to have it appear that the plaintiff rested before the order of nonsuit was granted. The court thereupon said: "The court will sustain a motion if you will make it to dismiss the case and take it from the jury." Mr. Nugent, of counsel for defendant, said: "Do I understand the plaintiff has rested?" Counsel for the plaintiff replied: "The plaintiff has not rested." The court: "Have you anything further to offer?" De Haven: "We have, your honor." Mr. Fogg, counsel for defendant, then moved for a nonsuit and dismissal of the action upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and for other reasons, and said motion was sustained by the court and the jury was discharged. Thereafter certain conversation was had between counsel and the court which is not necessary to repeat here as the jury had been discharged.

Section 4354, Revised Statutes, provides in what cases an action may be dismissed or a judgment of nonsuit entered, and is composed of five subdivisions. The dismissal of this case, if made under any of the provisions of said section, was under subdivision 5 thereof, which provides that nonsuit may be entered by the court upon motion of the defendant when upon the trial the plaintiff fails to prove a sufficient case for the jury.

That motion cannot be entertained by the court until all of the evidence of the plaintiff has been put in or offered and the plaintiff rests his case. We think the evidence introduced and offered by the plaintiff made a *prima facie* case, and the court erred in granting a nonsuit and entering a judgment of dismissal. While we think the court understood that the plaintiff had rested, the record shows that he had not rested his case. Mr. De Haven said that the plaintiff had not rested. The court then said: "Have you anything further to offer?" Mr. De Haven replied, "We have, your honor." Thereupon counsel for defendant moved for a nonsuit and dismissal of the action and the court thereupon granted the motion.

Under the provisions of said section 4352 above referred to, a nonsuit should not be granted until the plaintiff rests his case or fails to prove a sufficient case for the jury and rests.

The court also erred in not permitting the plaintiff to introduce evidence offered, showing what he did on said mail route from December 19th until the following April, and also erred in not permitting the plaintiff to prove that after he had received the due-bills referred to the defendant agreed to pay them as soon as he received the pay from the government of the United States for the work performed, and that he did thereafter receive said pay from the government, and also to show that the $175 advanced for expenses was spent with the consent and approval of the defendant, and that subsequent to the performance of said services the defendant had agreed to pay the full amount of the money so advanced and for the work performed on said mail route.

For the reasons above given, the judgment must be reversed and set aside and the cause remanded, with instructions to the trial court to sustain the demurrer of the defendant to the third, fourth and fifth defenses set up in the answer, and for further proceedings in harmony with the views expressed in this opinion. The costs of this appeal are awarded to the appellant.

Stockslager, J., concurs.

Ailshie, J., took no part in the decision. Did not sit at the hearing, having been of counsel in the court below.