(No. 7010. February 3, 1943.)

HOWARD C. FOX, Executor of the Last Will and Testament of J. C. Fox, Deceased, Appellant, v. W. E. COSGRIFF, C. L. MILLER and OSCAR E. THAMM, Respondents.

[133 Pac. (2d) 930.]

Rehearing denied March 1, 1943.

Chapman & Chapman and James T. Murphy for appellant.

James & James for respondents.

BUDGE, J.—This is an action in fraud; appellant, as executor of the last will and testament of J. C. Fox, deceased, seeks to have rescinded and set aside the sale of

35 shares of the capital stock of the Hailey National Bank by him, as such executor, sold and delivered to respondents. There are several questions raised on this appeal; however, there is but one pertinent question which requires consideration and determination, namely: did the court err in sustaining the respondents' general and special demurrers to appellant's third amended complaint?

It will not be necessary to set out in *haec verba* the allegations of the third amended complaint, but such portions only as we deem material to a proper understanding of the question involved.

It might be well to make the following observations before setting out certain allegations contained in the third amended complaint for the purpose of calling attention to the parties involved herein and their relationship to the Hailey National Bank and to each other: W. E. Cosgriff was president and director of the Hailey National Bank, and owned two-thirds of the stock; C. L. Miller was vice-president and director, and Oscar E. Thamm was cashier; Charles F. Price was president of the Commercial National Bank, located at St. Anthony, Idaho, largely owned and controlled by W. E. Cosgriff. Appellant, executor, was acting in his official capacity as such. We shall refer to the third amended complaint as "complaint" for brevity.

In the complaint appear the following allegations:

"Paragraph XVI:

"* * * the said plaintiff personally, and by and through his agents, did specifically inquire of the defendants, and each of them, personally and through the agent of defendants, Charles F. Price, as to the facts of the business, assets and affairs of and as to the actual intrinsic value of the capital stock of the said Hailey National Bank; that notwithstanding the said facts, conditions and circumstances, and notwithstanding the said specific inquiry, the said defendants did wrongfully, unlawfully and fradulently fail, refuse and neglect to disclose fully or at all to the plaintiff the facts concerning the condition of the business, assets or affairs of the said Hailey National Bank, and did fail, refuse and neglect to disclose fully or at all the actual intrinsic value of the capital stock of the said Hailey National Bank, and did wrongfully, unlawfully and fraudulently conceal from the said plaintiff the condition of the business, assets and affairs of and the actual intrinsic value

of the capital stock of the Hailey National Bank, and did fail, refuse and neglect to disclose fully or at all, and did wrongfully, unlawfully and fraudulently conceal from the plaintiff the fact of the same and negotiations for the sale of the assets of the Hailey National Bank to the First Security Corporation of Idaho, and of the actual intrinsic value of the capital stock of the Hailey National Bank resulting by reason of the said sale and said negotiations for said sale."

"Paragraph XIII:

"That * * * the said defendants, and each of them, did falsely and fradulently state and represent to the plaintiff by and through his agent, E. W. Fox, on or about the 14th day of January, 1939, at Hailey, Idaho, that the said 35 shares of the capital stock of the Hailey National Bank were of the reasonable value of $100.00 per share, which was the par value thereof, and that the par value of said shares of capital stock was a reasonable and fair price to be paid in the purchase thereof."

"Paragraph XIV:

"That * * * the said defendants and each of them did falsely and fradulently state and represent to the plaintiff, by and through the defendants' agent, Charles F. Price, on or about the 16th day of January, 1939, at St. Anthony, Idaho, that the par value of $100.00 was a reasonable and fair payment to be received in purchase of the said corporate stock."

"Paragraph XI:

"* * * that on or about the 11th day of January, 1939, the defendants, W. E. Cosgriff, C. L. Miller and Oscar E. Thamm, as president, vice-president, and cashier respectively, of the said Hailey National Bank of Hailey, Idaho, and as directors and as stockholders owning in excess of 4/5 of the capital stock thereof, and having exclusive control and management of the business, assets and affairs of said Hailey National Bank, sold and negotiated for the sale *of all the assets of the said Hailey National Bank,* * * *, to the First Security Corporation of Idaho, and that the said sale and the said negotiations for the said sale were carried on secretly and without the knowledge of the plaintiff herein; that the said defendants had exclusive knowledge of the existence of the said sale and of the negotiations for said sale and the progress thereof, and the

purchase price paid, or payable pursuant to said sale to * * * the First Security Corporation of Idaho." [Italics ours.]

"Paragraph XII:

"That on or about the 11th day of January, 1939, the said defendants, W. E. Cosgriff, C. L. Miller, and Oscar E. Thamm, did conspire together and form the deliberate mutually common design and purpose wrongfully, unlawfully and fraudulently to purchase the said shares of capital stock of the Hailey National Bank of and from the plaintiff for a purchase price less than one-half of the actual intrinsic value thereof, * * *, thereby taking and retaining unto themselves more than one-half of the full value of the said stock by wrongful, unlawful and fraudulent means; * * *, in which all of the said defendants participated, * * *."

"Paragraph XV:

"That the said defendants, and each of them, at the said times knew that the said statements and representations made to the plaintiff were, in actual fact, false and fraudulent; that the said defendants, and each of them, at said time knew that the said shares of capital stock were of the reasonable value of $210.00 and knew and believed that $100.00 was not a fair and reasonable price to be paid in the purchase thereof."

"Paragraph XVII:

"That the said false and fraudulent statements and representations and the said concealment, failure, refusal and neglect to inform fully and completely the plaintiff, as alleged in the next preceding paragraph of this third amended complaint, were made, or carried out, by the defendants and each of them, with the intention and purpose of inducing the plaintiff to rely and act upon them and to sell the said shares of capital stock of the said Hailey National Bank to the defendants and each of them."

"Paragraph XVIII:

"That * * * plaintiff was without knowledge or information as to the actual intrinsic value of the said shares of capital stock of the said Hailey National Bank, and was without knowledge or information as to the business, assets and affairs or the condition thereof of the Hailey National Bank, and was without knowledge or information as to

the said sale and as to the said negotiations for the said sale of the assets of the said Hailey National Bank to the First Security Corporation of Idaho."

"Paragraph XIX:

"That the plaintiff did, at the said times hereinbefore mentioned, believe the said statements and representations made to the plaintiff were true and correct."

"Paragraph XXI:

"That the plaintiff, * * * acting and relying upon said false and fradulent statements, * * * did transfer, assign and deliver the said shares of the capital stock of the said Hailey National Bank to the defendants, and did receive therefor from the defendants only the sum of $100.00 per share, and was thereby damaged and injured in the amount of the difference between the sum of $210.00 per share, being their reasonable value of the said shares of capital stock and the said sum of $100.00 per share of stock actually paid therefor."

Keeping in mind Sec. 4207, R. C., now Sec. 5-801, I. C. A., providing that "In the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties." (*Cantwell v. McPherson*, 3 Ida. 721, 34 P. 1095.) And the further rule that "In all the states which have adopted the code system of pleading the uniform rule is that, for the purpose of construing and determining the effect of the pleading, its allegations shall be liberally construed, with a view to substantial justice between the parties." (4 Ency. Pl. & Pr., P. 749, Sec. 11; *Armstrong v. Billings*, 86 Mont. 228, 283 P. 226.) A pleading should be construed so as to allege all of the facts that can be implied by fair and reasonable intendment from the facts expressly stated.

Summarizing the complaint, it is alleged that respondents, as officers and stockholders, owners of a large majority of stock, were in exclusive and sole control of the Hailey National Bank; that as such officers and stockholders, they negotiated and sold to First Security Corporation of Idaho *all of the assets of the Hailey National Bank*. From the allegations of the complaint, if true, it is clear respondents, and each of them, had actual knowledge of the intrinsic value of the capital stock of the Hailey National Bank, by reason of the fact they had, for a fixed

and definite price, negotiated and sold the entire assets of the bank. Appellant had no knowledge of negotiations and sale of all of the assets of said bank, or the price paid, or agreed to be paid therefor. Prior to the sale of all the assets of said bank by respondents, appellant inquired of respondents, and their agent, Price, as to the value of the capital stock of said bank. When respondents, and their agent, Price, made the statement to appellant "That the said 35 shares of the capital stock of the Hailey National Bank were of the reasonable value of $100.00 per share, which was the par value thereof, and that the par value of said shares of capital stock was a reasonable and fair price to be paid in the purchase thereof," they did not express an opinion as to the reasonable value of said stock, but knowingly, intentionally, and for the purpose of deceiving and misleading appellant to his damage, and to thereby acquire to themselves said 35 shares of capital stock at a price less than one-half of its intrinsic value, thereby making a wilful and fraudulent misrepresentation of a material fact for the express purpose of misleading and deceiving, did deceive and mislead appellant, and upon which he acted to his damage in transferring said capital stock, receiving from respondents less than one-half of the intrinsic value thereof, which constituted, if proven as alleged, actual fraud.

The purpose of a complaint is to give defendant information of all the material facts on which plaintiff relies to support his demand, which facts need be stated only in ordinary and concise language. The pleadings in the case at bar allege a fraudulent representation made by respondents, and when made, were known to be false and were actually false, made with intent to deceive appellant, and induce him to dispose of the stock in question at a price less than one-half its intrinsic value; in disposing of said stock, he relied upon fraudulent representations made, believed by him to be true, and suffered damage thereby. In other words, the complaint alleges all of the essential averments necessary to state a cause of action in fraud, which being true, the court erred in sustaining the general and special demurrers of respondents; having so erred, judgment of dismissal of the cause of action should not have been entered. Proceedings subsequent to dismissal of the action, by reason of the holding herein, requires no discussion. The cause is remanded, with instructions to overrule

the demurrers, set aside judgment of dismissal and an order entered directing respondents to answer, or otherwise plead, to appellant's complaint. Costs awarded to appellant.

Holden, C.J., and Ailshie, Givens, J.J., and Buckner, D.J., concur.