713 P.2d 1387

**Jerry R. HARRIS, Claimant-respondent,**

v.

**BECO CORPORATION, Employer-appellant,**

and

**Department of Employment, Respondent.**

**No. 15857.**

Supreme Court of Idaho.

Jan. 23, 1986.

Steven E. Carr, of Fuller & Carr, Idaho Falls, for employer-appellant.

Jim Jones, Atty. Gen., Evelyn Thomas, Deputy Atty. Gen., Boise, for claimant-respondent.

BAKES, Justice.

This is an appeal from an Industrial Commission decision finding claimant eligible for unemployment benefits. We are asked to determine whether Beco Corporation, the employer, should have been allowed to present testimony to the Industrial Commission after failing to timely appear in a telephone hearing before the Department of Employment. Because we find that Beco Corporation received adequate notice of this hearing, we can find no abuse of discretion in the Industrial Commission's decision. We therefore affirm the decision of the Industrial Commission.

In March of 1984, Beco Corporation contacted the Operating Engineers Union Local 370 looking for a heavy equipment mechanic to do light service work. Harris, a mechanic/welder, was referred and began work for Beco Corporation. After three days on the job, a dispute arose between Harris and his supervisor, causing Harris to leave the work site. Subsequently, Harris filed a claim for unemployment benefits. At that time Harris maintained that he had left the work site believing that Beco Corporation had decided to hire an oiler rather than a mechanic/welder. Beco, on the other hand, asserted that Harris was terminated for cause. On April 30, 1984, the Department of Employment claims examiner, based upon written explanations by each party, determined that Harris had been terminated for misconduct and was therefore ineligible for unemployment benefits.

Harris then filed for a redetermination. On its own motion, the department requested that the redetermination stage be bypassed. A telephone hearing, to be held before an appeals examiner, was scheduled by the department for June 6, 1984. Notice of that hearing was mailed to all parties on May 30, 1984; however, it was not received in the office of Beco Corporation until June 4th, two days before the hearing.

At 1:30 p.m. on June 6, 1984, the appeals examiner telephoned both Harris and Beco Corporation. The individual who answered the telephone at Beco Corporation, Theron Nebeker, stated that Doyle Beck, president of Beco Corporation, had just left and that he, Nebeker, was unable to represent the employer in the hearing. Nebeker was given instructions that if Beck returned, Beck should call the examiner and that if the hearing had not been completed, Beck would be included in the hearing at that point. The hearing lasted until 2:30 p.m. At 2:35 p.m., Beck returned and immediately telephoned the appeals examiner. Because the hearing had been concluded, the appeals examiner refused to allow Beck to testify.

Based upon the evidence submitted by the claimant, the appeals examiner determined that Harris was not discharged for employment related misconduct and that Harris was eligible to receive unemployment insurance benefits. Beco Corporation then appealed to the Industrial Commission, requesting an evidentiary hearing in order to present testimony before the commission. After reviewing the record, the Industrial Commission denied Beco's request for an evidentiary hearing and affirmed the decision of the appeals examiner, holding that Beco Corporation received proper notice of the hearing and that the interests of justice did not require a new hearing. Beco Corporation's subsequent motion for reconsideration was denied.

 Beco first contends that it did not receive adequate notice of the telephone hearing. We cannot agree. Idaho Department of Employment Rule 06.026 requires that "[u]pon request for appeal, a hearing shall be set and written notice of the time and place of hearing shall be mailed to each interested party not less than seven (7) days prior to the hearing date." Here, notice of the telephone hearing was mailed to all parties on May 30, 1984. The hearing itself was not held until June 6, 1984. In determining time computation, the general rule is that the first day is excluded and the last day is included. *See e.g.,* I.C.

§ 73–109; I.R.C.P. 6(a). Application of this rule here indicates that Beco received the seven days' notice required under Idaho Department of Employment Rule 06.026.

■ Beco also argues that the Industrial Commission abused its discretion in refusing Beco an opportunity, in the interests of justice, to present additional evidence before the Industrial Commission. We disagree. I.C. § 72–1368(g) states, in pertinent part:

> "The record before the commission shall consist of the record of proceedings before the appeals examiner, unless it appears to the commission that the interests of justice require that the interested parties be permitted to present additional evidence. In that event, the commission may, *in its sole discretion*, conduct a hearing to receive additional evidence or may refer the matter back to the appeals examiner for additional hearing and decision." (Emphasis added.)

Having fully reviewed the record, we cannot agree with Beco Corporation that the Industrial Commission erred in not granting Beco the opportunity to present additional evidence. Beco Corporation has not articulated a reason for its failure to appear at the telephone hearing. More importantly, a full review of the record indicates that the claims examiner's initial decision was based upon written explanations submitted by each party. These written explanations, articulating Beco Corporation's position as well as Harris's position, are contained within the record and were before the Industrial Commission when the commission made its determination. Thus, the commission was aware of Beco's position when it refused Beco an opportunity to present evidence and affirmed the decision of the appeals examiner. Accordingly, we cannot find that the Industrial Commission abused its discretion in refusing Beco Corporation an opportunity to present additional evidence before the commission. The Industrial Commission order is affirmed.

Costs to respondent.

DONALDSON, C.J., and BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, Justice, dissenting.

I find it difficult to believe that the majority of the Court has departed from the previous strong policy of providing parties with their day in court. That policy has held to be the essence of our rules of civil procedure. *Sines v. Blaser*, 98 Idaho 435, 566 P.2d 758 (1977). As has been said by the United States Supreme Court, "a person's right to his day in court is basic to our very system of jurisprudence." *In re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948).

Here we are told only that a telephone hearing was scheduled for the day of June 6, 1984. No particular hour of that day is indicated by the majority as the time for the hearing, and the record before us does not contain the alleged notice of that hearing. However, there is no question from the record that Beco did not receive the requisite seven-day notice of the hearing. It is undisputed that Beco did not receive the notice of the hearing until June 4.

In every case someone must win and someone must lose. Although disappointed, we hope that the losing party at least feels that he has been dealt with fairly. In the instant case, assuredly the loser will be left with a bad taste, and understandably will feel that the system is unfair since for the sake of a mere five minutes he has been denied any opportunity to be heard.

As recited in the majority opinion, the president of Beco was not at the place of business at the time that the appeals examiner placed the telephone call to conduct the telephone hearing. He did, however, return within five minutes of the termination of the conference call, but the appeals examiner did not allow the president of Beco to be heard. I would hold that such denial was a gross abuse of discretion. As noted in the majority, I.C. § 72–

1368(g) provides that the commission may hear additional evidence when required by the "interests of justice." Herein, I would hold that the interests of justice in allowing each party to be heard, required the hearing of Beco's evidence.

Here, Beco had prevailed in the previous proceedings, and suddenly, without the opportunity to be heard, positions are reversed and Beco is now the loser. However, in the context of a workmen's compensation claim, this Court has reversed an award where the employer was not permitted to present its evidence. The Court there held that proceedings before the board (now commission), although summary and speedy, must be "as far as possible in accordance with the rules of equity," that "due process of law under the federal and state constitutions 'requires that one be heard before his rights are adjudged,'" and "this principle of equity embedded in our constitutions is applicable in proceedings before administrative bodies." *Duggan v. Potlatch Forests, Inc.*, 92 Idaho 262, 441 P.2d 172 (1968). I would reverse solely for the purpose of requiring that the testimony of Beco be taken by the commission.