837 P.2d 799

Thomas **GERSTNER** and Ninfa Gerstner, husband and wife, Plaintiffs–Appellants,

v.

**WASHINGTON WATER POWER COMPANY**, a public utility corporation, Defendant–Respondent.

No. 19295.

Supreme Court of Idaho,
Boise, March 1992 Term.

August 7, 1992.

David A. Manko, Coeur d'Alene, and Dennis W. Clayton (argued), Spokane, Wash., for plaintiffs-appellants.

Milton G. Rowland and Donald G. Stone, Spokane, Wash., for defendant-respondent.

Kenneth B. Howard, Jr., for amicus, Idaho Trial Lawyers Ass'n.

## BACKGROUND PROCEEDINGS

BISTLINE, Justice.

On December 11, 1983, plaintiff-appellant Thomas Gerstner received a high voltage electrical shock from a transformer utilized by his employer, Hern Ironworks. The Gerstners filed a complaint on November 7, 1984, alleging that Washington Water Power Company ("WWP") was negligent in the construction, maintenance and/or control of its product, electricity, used by Hern Ironworks. The district court dismissed the case on February 21, 1989. In the intervening time period, the following events occurred.

On November 15, 1984, the complaint and various discovery requests were served upon WWP. WWP answered the com-plaint and responded to the discovery requests on February 20, 1985.

Eighteen months later on August 21, 1986, the district court filed a "Notice of Proposed Dismissal," requiring a showing of specific facts why the case should not be dismissed. The Gerstners' attorney responded by affidavit, stating that Mr. Gerstner had been hospitalized in a coma for a substantial amount of time, and that counsel would "be filing certain motions and moving this case forward toward a trial setting." The court clerk failed to transmit the affidavit to the district judge and the case was erroneously dismissed. This error was corrected by an order to set aside the dismissal, dated September 16, 1986.

On October 22, 1986, plaintiffs-appellants filed an amended motion to compel discovery, and a hearing was set. Later, however, counsel agreed to vacate the hearing date and attempt an informal resolution.

On June 12, 1987, WWP moved the court to enter a summary judgment. Plaintiffs-appellants responded, and the motion was heard on August 25, 1987. On March 17, 1988, the court denied WWP's motion.

On January 12, 1989, ten months later, the trial court *sua sponte* filed a "Notice of Proposed Dismissal" pursuant to I.R.C.P. 40(c),[1] requiring the Gerstners' response by January 27, 1988.

On January 23, 1989, the Gerstners' counsel filed an affidavit of retention pursuant to I.R.C.P. 40(c), stating that Mr. Gerstner was still undergoing medical treatment, and the deposition of Mr. Gerstner's employer had been scheduled. Also on January 23, 1989, WWP moved for dismissal pursuant to I.R.C.P. 41(b). A hearing on that motion was consolidated with the hearing on the court's notice of proposed dismissal.

Following oral argument, the court announced its decision to dismiss the case pursuant to Rule 41(b), in an order which

---

**1.** Rule 40(c) provides in pertinent part:
In the absence of a showing of good cause for retention, any action, appeal or proceeding ... in which no action has been taken or in which the summons has not been issued and served, for a period of six (6) months shall be dismissed. Dismissal pursuant to this rule in the case of appeals shall be with prejudice and as to all other matters such dismissal shall be without prejudice.

was filed March 9, 1989. Subsequently, the court granted the Gerstners' motion for reconsideration; on April 13, 1989, the court again ordered the cause dismissed pursuant to Rule 41(b). The Gerstners timely appealed, and the case was assigned to the Court of Appeals. On that court's affirming the dismissal, the Gerstners petitioned this Court for review. This Court granted review, and we now reverse the district court and remand this cause with directions.

## ANALYSIS

The Gerstners' main contention on appeal to this Court is that the district court abused its discretion in dismissing the case pursuant to I.R.C.P. 41(b).[2] They urge that the district court could and should have instigated movement of the case by less harsh methods before resorting to Rule 41(b). WWP, notwithstanding that it had indulged in the delay, defends the dismissal based on its assertion of the Gerstners unexcusable and unreasonable delay. WWP invokes Idaho case law for the principle that prejudice is presumed to result from such delay.

When this Court hears a case which is on a petition for review from an opinion of the Court of Appeals, and

> the issues presented to the Court of Appeals concerned a decision of a district court, we consider the correctness of the district court's decision. While we value the opinion of the Court of Appeals for the insight it gives us in addressing the issues presented on appeal, we do not focus on the opinion of the Court of Appeals, but rather on the decision of the district court.

*Sato v. Schossberger,* 117 Idaho 771, 775, 792 P.2d 336, 340 (1990).

The keystone of the Idaho Rules of Civil Procedure is liberality which favors a final decision predicated on the merits over a

dismissal based upon a technicality. Rule 1(a) of the Idaho Rules of Civil Procedure provides that the rules "shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." It is appropriate to give consideration to the words of wisdom from Justice Shepard and Justice Donaldson, both now deceased, dealing with similar situations. In *Harris v. Beco Corp.,* 110 Idaho 28, 713 P.2d 1387 (1986), Justice Shepard wrote:

> I find it difficult to believe that the majority of the Court has departed from the previous strong policy providing parties with their day in court. That policy has held to be the essence of our rules of civil procedure. *Sines v. Blaser,* 98 Idaho 435, 566 P.2d 758 (1977). As has been said by the United States Supreme Court, 'a person's right to his day in court is basic to our very system of jurisprudence.' *In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948).

*Harris,* 110 Idaho at 30, 713 P.2d at 1389. Justice Donaldson, in *Clark v. Olsen,* 110 Idaho 323, 715 P.2d 993 (1986), wrote:

> We begin our discussion by noting that technical rules of pleading have long been abandoned in this state. *Rauh v. Oliver,* 10 Idaho 3, 9, 77 P. 20, 21–22 (1904). The general policy behind the current rules of civil procedure is to provide every litigant with his or her day in court. *Sines v. Blaser,* 98 Idaho 435, 437, 566 P.2d 758, 760 (1977). The rules are to be construed to secure a just, speedy and inexpensive determination of every action or proceeding. I.R.C.P. 1(a). The purpose of a complaint is to inform the defendant of the material facts upon which the plaintiff bases his action. *Fox v. Cosgriff,* 64 Idaho 448, 454, 133 P.2d 930, 932–33 (1943). A complaint need only contain a concise statement of the facts constituting the cause of action and a demand for relief. I.R.C.P. 8(a)(1);

---

**2.** Rule 41(b) provides in pertinent part:
> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise

specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

*Stone v. Bradshaw,* 64 Idaho 152, 128 P.2d 844, 846 (1942).

With these considerations in mind, we turn to the complaint at issue. Clark's complaint, as quoted above, asked the court to declare Ordinance No. 428 and the subsequent conveyance void, to resolve the controversy between the litigants, to declare the duties of the defendant concerning the controversy, to order the defendants to carry out their respective duties, and to grant all other relief to which Clark was found to be legally entitled. The district court's order of March 2, 1987, provided the following relief:

> 'Plaintiff's Motion for Partial Summary Judgment be, and hereby is granted in the following respects:
>
> '(a) IT IS ORDERED that Montpelier City Ordinance # 428 be, and hereby is declared void and of no force and effect.
>
> '(b) IT IS FURTHER ORDERED that the attempted transfer of title from the City of Montpelier to one Ivan Phelps of the following described real property through Montpelier City Ordinance # 428 is declared invalid and is hereby set aside....'

It is clear that the order did not grant all the relief prayed for in the complaint. Clark's complaint did not merely seek a determination that the ordinance and subsequent conveyance were void. It sought to have the controversy resolved. The complaint specifically asks the court to declare the duties of the defendants with respect to their improper conduct and to provide Clark with whatever relief he is legally entitled to. As it now stands, the district court's decision has left Clark with a bundle of rights and no legal remedies to secure those rights. It appears from the record and arguments before this Court that nothing has been done to ultimately resolve this controversy. Although the ordinance and conveyance have been held invalid, Kunz' carport is still encroaching onto a dedicated public street and Clark is still without access to his property. Under such circumstances, it cannot be said that Clark

has received all the relief prayed for, or, in fact, any relief at all. We therefore hold that the district court erred in determining that Clark had received all the relief prayed for and in granting defendants' motion for summary judgment.

*Clark,* 110 Idaho at 325, 715 P.2d at 994.

Rule 1(a) is a constant reminder that "a just result is always the ultimate goal to be accomplished." *Sines v. Blaser,* 98 Idaho 435, 439, 566 P.2d 758, 762 (1977). Further, as this Court held in *Bunn v. Bunn,* 99 Idaho 710, 712, 587 P.2d 1245, 1247 (1978):

> A 'determination' of an action within the meaning of Rule 1 is meant to be a *determination* of the controversy on the merits—not a *termination* on a procedural technicality which serves litigants not at all. A determination entails a finding of the facts and an application of the law in order to resolve the legal rights of the litigants who hope to resolve their differences in the courts. The 'liberal construction' of the rules required by Rule 1, while it cannot alter compliance which is mandatory and jurisdictional, will ordinarily preclude dismissal of an appeal for that which is but technical noncompliance. This will be especially so where no prejudice is shown by any delay which may have been occasioned.

*See also Clark v. Olsen,* 110 Idaho 323, 715 P.2d 993 (1986) (Bistline, J., concurring specially); *Neal v. Harris,* 100 Idaho 348, 597 P.2d 234 (1979); *Bernard v. Roby,* 112 Idaho 583, 733 P.2d 804 (Ct.App.1987); *Johnson v. Pioneer Title Co. of Ada County,* 104 Idaho 727, 662 P.2d 1171 (Ct. App.1983);

In addition to the general admonition of I.R.C.P. 1(a), both this Court and the Court of Appeals have decided several cases involving Rule 41(b) dismissals which influence our present decision; we will discuss each of them in turn.

In *Jensen v. Doherty,* 101 Idaho 910, 911, 623 P.2d 1287, 1288 (1981), this Court articulated the function of a Rule 41(b) involuntary dismissal as being "in the na-

ture of a sanction. It is a necessary final recourse available to the court to protect its processes and other litigants from abuse." We have also stated that because it is a sanction rather than a remedy, courts should use involuntary dismissals sparingly. *Ellis v. Twin Falls Canal Co.,* 109 Idaho 910, 712 P.2d 611 (1985).

■■■ When deciding whether to dismiss a case the district court must consider the length of delay caused by the failure to prosecute, the justification, if any, for such delay, and the extent of any resultant prejudice. *Bartlett v. Peak,* 107 Idaho 284, 688 P.2d 1189 (1984); *Rudy–Mai Farms v. Peterson,* 109 Idaho 116, 705 P.2d 1071 (Ct. App.1985). The decision is a discretionary one and will not be overturned on appeal absent a showing of abuse of that discretion. *E.g., Systems Assoc. v. Motorola Comm. & Elecs., Inc.,* 116 Idaho 615, 778 P.2d 737 (1989).

In *Day v. CIBA Geigy Corp.,* 115 Idaho 1015, 1018, 772 P.2d 222, 225 (1989), we set out circumstances where a dismissal constitutes an abuse of discretion:

> [T]he rule of *Grant* [*v. City of Twin Falls,* 113 Idaho 604, 746 P.2d 1063 (Ct. App.1987)], can be stated as follows: It is an abuse of discretion to use the power of dismissal *to punish a* period of *delay* which no longer exists *if* the defendant has not established prejudice resulting from the delay. The rule places key emphasis upon demonstrated prejudice to the defendant's ability to present a defense rather than upon the length of the period of delay *per se.*

(Emphasis in original).

In *Motorola,* we re-emphasized this rule and explicitly disavowed federal cases which allow Rule 41(b) dismissals based upon prejudice *presumed* to flow from unexcused or unreasonable delay:

> In light of *Day,* we conclude that the reliance on federal authority interpreting the inapplicable federal rule [Fed. R.Civ.P. 41(b) is identical to I.R.C.P. 41(b)] was in error and lead to an erroneous statement of Idaho law. Again, the correct statement of Idaho law is that "[i]t is an abuse of discretion to use the

power of dismissal *to punish a* period of *delay* which no longer exists *if* the defendant has not established prejudice resulting from the delay." *Day,* 115 Idaho at 1018, 772 P.2d at 225.

*Motorola,* 116 Idaho at 619, 778 P.2d at 741.

In both *Motorola* and *Grant,* it is observed that case activity had been resumed prior to the filing of the motion, while the present case was dormant at the time of WWP's Rule 41(b) motion to dismiss. The district court distinguished this case from *Grant* based upon that factor, and ruled that "[p]rejudice may be presumed to follow from unexcused and unreasonable delay." Memorandum Decision at 4. We are not persuaded that the lack of "resumed activity" in a case at the time of the motion is a sufficiently meaningful distinguishing feature from the *Motorola* situation to justify a presumption of prejudice. Regardless of whether current inactivity, or a prior period of inactivity, has prompted the moving party to request the court to dismiss a case, we believe it is an abuse of discretion "to punish a period of delay" where the defendant has not established prejudice stemming from that delay.

■■■ Prejudice is an essential factor in the three-part deliberation process; it must exist regardless of the length of the delay and the rationale for the delay. Prejudice must consist of more than general concerns about the passage of time and its effect on the memories of witnesses and the ability to prepare a case. There must be actual, demonstrated prejudice to the moving party. *See Motorola,* 116 Idaho at 619, 778 P.2d at 741. Here, the trial court "[found] it reasonable to conclude the passage of time certainly prejudices the case of defendant," and further, "[t]he passage of time dims the memories of all those people that the defendant would rely upon the present its defense in this matter." Memorandum Decision at 5. No specifics were cited by the court to support its finding of dimmed memories and resultant prejudice. In fact, WWP did not assert any specific instances of how its ability to proceed with the case was prejudiced. In its Memorandum of

Authorities in support of its motion to dismiss, WWP merely claimed it had been "prejudiced by the trouble and expense of maintaining a defense." R. Vol. 3, at 289.

Admittedly, the delay existing in this litigation is troublesome. We by no means condone it, and it may merit judicial intervention in the form of sanctions. However, the "prejudice" upon which WWP claims its entitlement to a dismissal is insufficient to justify a dismissal. Clearly, what appears here is that the district court's notice that it would consider dismissing, was a signal to WWP to push in that direction, and it did so. The movant must demonstrate prejudice by actual instances of his or her inability to adequately and effectively prepare the case, occasioned by the non-movant's lack of prosecution.

Because no such prejudice was demonstrated in this case, we reverse the district court's I.R.C.P. 41(b) dismissal of the Gerstners' cause of action and remand the cause with directions that it be reinstated on the court's trial calendar. Costs non-inclusive of attorney fees awarded on appeal to plaintiffs-appellants Gerstners.

JOHNSON and McDEVITT, JJ., concur.

REINHARDT, Justice Pro Tem., dissenting:

The issue before us is whether or not the trial court abused its discretion in granting a Rule 41(b) motion to dismiss based upon plaintiffs' failure to prosecute an action they commenced some four years earlier.

The decision of a trial judge to dismiss a case pursuant to I.R.C.P. 41(b) is a discretionary one which will not be reversed on appeal absent a manifest abuse of that discretion. *Kirkham v. 4.60 Acres of Land,* 100 Idaho 781, 605 P.2d 959 (1980); *Sun Valley Shopping Center v. Idaho Power Co.,* 119 Idaho 87, 803 P.2d 993 (1991).

The trial court determined that the most recent (10–month) period of delay following its denial of Washington Water Power's summary judgment motion was unreasonable in that Gerstners provided no reasonable excuse of explanation for the inactivity. In considering the issue of prejudice, the trial court stated:

> The passage of time dims the memories of all those people that the defendant would rely upon to present its defense in this matter. Therefore, this Court finds that the defendant is prejudiced in its defense of this case by delay.

The majority holds that a Rule 41(b) movant must demonstrate actual prejudice by citing specific instances as to how the movant's ability to adequately and effectively prepare the case has been hampered, regardless of the length of the delay and regardless of the rationale for the delay. This holding overlooks our prior decisions that prejudice may be presumed to flow from unexcused and unreasonable delay when, as here, case activity had not been resumed prior to the filing of the motion to dismiss. *Systems Associates v. Motorola Com. & Elec.,* 116 Idaho 615, 778 P.2d 737 (1989); *Day v. CIBA Geigy Corp.,* 115 Idaho 1015, 772 P.2d 222 (1989).

This Court has encouraged trial judges to actively supervise their court calendars to ensure that litigants are not kept waiting for inordinate periods of time to have their cases resolved. To this end the Court has adopted time standards for processing cases and, in 1987, the Court amended I.R.C.P. 40(c) to permit a trial judge to dismiss a case after six months of inactivity rather than a year of inactivity.

It is respectfully submitted that the majority has taken a step backward in the field of case management and has undermined its own policy of discouraging unnecessary delay in civil cases.

Accordingly, I would affirm the Court of Appeals in its approval of the trial court's dismissal of this action.

BAKES, C.J., concurs.